608 So.2d 71 (1992)
Norman SEAMAN, Appellant,
v.
The STATE of Florida, Appellee.
No. 91-1787.
District Court of Appeal of Florida, Third District.
October 20, 1992.
*72 Bennett H. Brummer, Public Defender, and David S. Markus and Lydia A. Fernandez, Sp. Asst. Public Defenders, for appellant.
Robert A. Butterworth, Atty. Gen., and Giselle D. Lylen, Asst. Atty. Gen., for appellee.
Before BASKIN, COPE and GODERICH, JJ.
PER CURIAM.
Norman Seaman appeals his convictions and sentences on two counts of capital sexual battery. We affirm.
Defendant first contends that the trial court erred by admitting the child victim's hearsay statements into evidence pursuant to subsection 90.803(23), Florida Statutes (1989). After a lengthy evidentiary hearing, the trial court found that the child victim, who was approximately five and one-half years old at the time of the offenses, was unavailable because of "a substantial likelihood of severe emotional or mental harm... ." Id. § 90.803(23)(a)(2)(b). The trial court found the child's hearsay statements were reliable, see id., § 90.803(23)(a)(1), and ruled that the statements were admissible at trial.
Defendant argues that the trial court did not make sufficiently specific findings of reliability as required by paragraph 90.803(23)(a)(1). We disagree. The findings were dictated by the trial court into the record as required, see id. § 90.803(23)(c), and are, in our view, sufficiently particularized.[1] We reject defendant's argument that the findings were "boilerplate." Where, as here, the statute expressly enumerates various factors which the trial court may consider, see id. § 90.803(23)(a)(1), it is entirely appropriate for *73 the trial court to discuss those factors. Doing so does not vitiate the findings or render them "boilerplate."
Defendant's next argument about the hearsay statements is a more substantial one. In finding that the child's hearsay statements were reliable, the trial court relied in part on "other corroborative evidence of sexual abuse including the finding of Dr. Medina ... who conducted the physical examination at the Rape Treatment Center." (Tr. June 4, 1990, at 30). Subsequent to the trial of this case, the United States Supreme Court decided Idaho v. Wright, 497 U.S. 805, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990). Under that decision, there must be a showing of "particularized guarantees of trustworthiness" for hearsay statements which do not fall within a firmly rooted hearsay exception. 497 U.S. at 818-19, 110 S.Ct. at 3148, 111 L.Ed.2d at 653. The "`particularized guarantees of trustworthiness' must be shown from the totality of the circumstances, but ... the relevant circumstances include only those that surround the making of the statement and that render the declarant particularly worthy of belief." Id. The "particularized guarantees of trustworthiness" may not be found through independent evidence corroborating the truth of parts of the hearsay statements. 497 U.S. at 822, 110 S.Ct. at 3150, 111 L.Ed.2d at 655. The Court in Idaho v. Wright therefore ruled that the child's hearsay statements identifying the child abuse perpetrator could not be found reliable on the basis of medical evidence showing that sexual abuse had occurred. 497 U.S. at 824, 110 S.Ct. at 3151, 111 L.Ed.2d at 658.[2] The Supreme Court also held, however, that erroneous reliance on corroborating evidence is subject to harmless error analysis. 497 U.S. at 821-25, 110 S.Ct. at 3150-51, 111 L.Ed.2d at 657.
In the present case the trial court did not have the benefit of Idaho v. Wright at the time it found the child hearsay statements were reliable. The trial court enumerated a number of factors which led it to conclude that the child's hearsay statements were reliable. One of the factors was the presence of corroborative medical evidence that sexual abuse had occurred.
While reliance on the corroborative evidence was contrary to the later-announced rule in Idaho v. Wright, we conclude that reversal is not required. First, "[t]o benefit from the change in law, the defendant must have timely objected at trial if an objection was required to preserve the issue for appellate review." Smith v. State, 598 So.2d 1063, 1066 (Fla. 1992) (citations omitted). We can find no specific objection by defendant to the use of corroborating evidence as a factor in finding the child hearsay statements to be reliable. The point is thus not preserved for appeal.
Second, assuming arguendo that the point was properly preserved for purposes of appeal, the trial court found the child hearsay statements reliable on multiple grounds amply supported by the record. We are satisfied that any consideration by the trial court of the corroborating physical evidence of abuse was entirely harmless.
Defendant next argues that the trial court erred in denying the defendant's request to require the child victim to testify via closed circuit television. As we understand the argument, defendant contends that the Confrontation Clause requires the State to call the victim to testify at trial. We know of no such authority for that proposition. The State may call such witnesses as it sees fit. The Confrontation Clause does not allow the defendant to direct the State to call particular witnesses.
In support of his position defendant relies on Maryland v. Craig, 497 U.S. 836, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990). That case dealt with an entirely different issue. There, the child victim was called to testify at trial. The question was under what circumstances the child victim might be permitted to testify outside of the physical presence of the defendant. That issue is not involved in the present case, for in *74 the present case the child victim was found to be unavailable to testify at all.[3]
We find no merit to the third point on appeal.
Affirmed.
NOTES
[1] The trial court's oral findings were later reduced to a written order. Preparation of a separate order is not required by the statute.
[2] The medical evidence of abuse was, of course, independently admissible under the firmly rooted hearsay exception for statements made for purposes of obtaining medical diagnosis or treatment.
[3] At the hearing on the State's motion to admit the child hearsay statements, the defense also argued in substance that the child witness was not "unavailable" for purposes of subsection 90.803(23), Florida Statutes (1989); defendant contended that the child could testify by closed circuit television pursuant to the procedure of section 92.54, Florida Statutes (1989). The child psychologist had opined, however, that the child would suffer severe emotional harm if she participated in the trial proceeding. The psychologist testified that this child victim was one of the two or three most severely traumatized he had seen, out of some 2,000 he has evaluated. When asked, the expert confirmed that his opinion regarding severe emotional harm included not only testimony in open court, but also testimony via closed circuit television. It is clear, therefore, that the expert's opinion regarding substantial likelihood of severe emotional harm included the in-court as well as closed circuit options, and there was substantial competent evidence supporting the trial court's finding that the child was unavailable within the meaning of subsection 90.803(23).