618 So.2d 346 (1993)
Balthazar DIAZ, Appellant,
v.
STATE of Florida, Appellee.
No. 91-03959.
District Court of Appeal of Florida, Second District.
May 14, 1993.
*347 James Marion Moorman, Public Defender, and Stephen Krosschell, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Ron Napolitano, Asst. Atty. Gen., Tampa, for appellee.
*348 LEHAN, Judge.
Defendant was convicted of two counts of capital sexual battery after a jury found that he had digitally penetrated the child victim's vagina and anus. His sole contention on appeal is that the trial court erred in admitting, under section 90.803(23), Florida Statutes (1991), the prior hearsay statements of the victim, an eight-year-old girl, to two individuals, the victim's school principal, Rose Chillura, and a detective, Sherry Bouknecht. He does not challenge the admission of the victim's hearsay statements to a third individual, an HRS investigator. We affirm.
At issue is whether the trial court adequately followed the procedural safeguards of section 90.803(23) in admitting the victim's hearsay statements to the principal and the detective. According to both Chillura and Bouknecht, the victim told them, consistent with her trial testimony, that defendant had digitally penetrated her vagina and anus.
As to the Chillura hearsay testimony, we do not conclude that the trial court erred. It is clear enough that boilerplate findings that merely track the statutory language of section 90.803(23)(a)1 are insufficient; the court must make findings that are case-specific. Jaggers v. State, 536 So.2d 321, 325 (Fla. 2d DCA 1988). We recognize that the court in this case during the hearing expressed concern over the child's immaturity and her inconsistent explanations regarding $10 she had in her possession after commission of the offenses. The child gave different explanations, saying at one point that she had received the money from her father's cousin and at another that defendant had given it to her. We also note that some of the court's findings appear to be nothing more than conclusory boilerplate. Nonetheless, we conclude that the court ultimately made sufficient case-specific findings going beyond mere boilerplate. Included were the court's notations that the hearsay related by Chillura had "no inconsistency" with the victim's own testimony it had heard "yesterday" at trial, except for the "one inconsistent statement" with regard to the $10,[1] and that the victim made the statements to Chillura "the day after the incident and I believe two days after the incident."
As to the Bouknecht hearsay testimony, however, we conclude that the trial court's findings were not adequate. The court merely stated:
the circumstances of Melissa's statements to the detective do, in fact, provide sufficient safeguards of reliability and in making this finding, the court again has considered the mental and physical age and maturity of Melissa, the reliability of her assertions itself or themselves, as well as the reliability of the child victim.
The court failed to identify what "sufficient safeguards of reliability" it had in mind, how the victim demonstrated maturity (earlier in the proceedings, the court had made a specific comment to the contrary regarding the victim's maturity), and how the victim and her statements demonstrated "reliability."
In short, we conclude that while the trial court did not err in admitting the hearsay related by Chillura, it erred in admitting the hearsay related by Bouknecht.
The state argues that even if any error occurred, it was not preserved for appeal. This argument need not be reached with regard to Chillura, since as noted above, the trial court did not err in admitting her hearsay testimony. Nonetheless, we note that even if the court did err in that regard, defendant's trial counsel failed to preserve such error for appeal. At the hearing, after Chillura's testimony was proffered and before the trial court made its findings, defense counsel stated: "And I don't believe they [the state] have done anything other than provide the statements themselves that would tend to indicate *349 the trustworthiness." Counsel, however, did not argue how the statements appeared to lack trustworthiness. The court then made its findings as discussed above. After the court made those findings, counsel made no objection concerning their sufficiency.
As for Bouknecht, however, we do not agree with the state that defense counsel failed to preserve the error for appeal. After Bouknecht's testimony was proffered and before the trial court made its findings, defense counsel stated, "Once again, I see no indicia provided by the state to show reliability other than the fact the statements were made... ." Defense counsel thereby appears to have been making no more than a boilerplate objection that failed to identify any deficiencies in the proffered hearsay. However, this time defense counsel did object to the trial court's findings immediately after they were made: "Once again, Your Honor, I consider the record protected as far as any objections to evidence submitted under section 90.803." The court then acknowledged: "Yes, your record is protected." While defense counsel's objection to Bouknecht's proffered testimony was overly general, at least it was timely made, and the court's subsequent acknowledgment, we conclude, rendered it sufficient.[2]
The state further argues that any error was harmless beyond a reasonable doubt. See State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). As indicated above, we have concluded that the trial court erred in admitting the hearsay related by Bouknecht and that that error was preserved for appellate review. The question then becomes whether the erroneous admission of Bouknecht's testimony was harmless. We conclude that it was, as we will explain, though we are not unmindful that the evidence in this case was purely testimonial and from a young girl and that there was no corroborative physical or medical evidence. Williams rule[3] evidence in this case, which defendant does not challenge on appeal, is strong; the facts comprising that evidence fairly closely track the instant facts. Further, as indicated above, defendant did not challenge the admission of the victim's hearsay statements to the HRS investigator. While those statements could be taken to mean only that criminal conduct short of penetration actually occurred, the jury in our view was entitled to conclude that no conflict actually existed between those statements and the other evidence against defendant. Finally, as we have explained, Chillura's testimony relating the victim's hearsay was properly admitted. We conclude that these factors taken together render harmless beyond a reasonable doubt the error concerning Bouknecht's testimony. See DiGuilio.
Affirmed.
RYDER, A.C.J., and CAMPBELL, J., concur.
NOTES
[1] Defendant in his brief takes issue with this finding, pointing out some other inconsistencies, such as the clothing the victim was wearing during the incident in question. Though we agree there was more than one inconsistency, we cannot conclude that the trial court abused its discretion in implicitly deeming these inconsistencies inconsequential, especially given the victim's age.
[2] Since we conclude that the hearsay related by Chillura was properly admitted, we need not decide whether the court's blanket acknowledgement here cures defense counsel's earlier failure to object to the court's findings regarding Chillura.
[3] Williams v. State, 110 So.2d 654 (Fla. 1959) (codified in section 90.404(28)(c), Florida Statutes (1991)).