659 So.2d 388 (1995)
Rolando GARCIA, Appellant,
v.
STATE of Florida, Appellee.
No. 93-02918.
District Court of Appeal of Florida, Second District.
July 19, 1995.
Rehearing Denied August 18, 1995.
*389 Regina W. Cosper, Sarasota, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John M. Klawikofsky, Asst. Atty. Gen., Tampa, for appellee.
LAZZARA, Judge.
The appellant, Rolando Garcia, challenges his judgment and sentence for committing a lewd and lascivious act upon a child under the age of sixteen years. He argues, and we agree, that the trial court committed reversible error in failing to make the proper findings of reliability required by section 90.803(23), Florida Statutes (1991), prior to admitting hearsay statements of the child victim into evidence at trial. Because we *390 conclude that the admission of these statements constituted harmful error, we reverse and remand for a new trial.
The state charged appellant in count one of a criminal information with committing a lewd and lascivious assault on a child in violation of section 800.04(1), Florida Statutes (1991), alleging that the incident occurred between September 1 and November 30, 1991.[1] Prior to trial, it filed the required notice under section 90.803(23)(b) notifying the appellant of its intent to introduce at trial certain hearsay statements made by the child relating to the offense charged. The appellant responded with a motion in limine, contending in part that the statements were inconsistent with each other and with evidence to be presented at trial and concluding generally that they lacked trustworthiness and reliability. He also asserted that under section 90.403, Florida Statutes (1991), their probative value was substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence.
The trial court later conducted the hearing required by section 90.803(23)(a)1., during which it received the testimony of three witnesses to whom the child made statements. It also reviewed a videotape of the child's statement given to a member of the local child protection team. The evidence presented by the state at this hearing consisted of the following.
The child made the first hearsay statement to Dr. Herbert Goldstein, a certified facilitative listener employed by the local school board at the child's school. He testified that the child approached him at school in late winter or early spring of 1992 and advised that she had been sleeping on the couch when her mother's boyfriend placed his hand under her nightgown and touched her "privates." Dr. Goldstein further related that the child did not identify the boyfriend nor give a date when this incident occurred.
The child gave the second statement to her aunt, Patsey Devine, at a family picnic on Memorial Day of 1992. According to Ms. Devine, the child told her that during the night, or when her mother was not at home, the appellant would come into her bedroom and touch her "privates" and "finger" her. The child never furnished a date when this activity took place.
The child made a third hearsay statement to her teacher, Paulette Chadwell, at school on October 28, 1992. Ms. Chadwell testified that the child told her that her mother's boyfriend tried to have sexual intercourse with her on two different occasions and, although he tried to penetrate her, he was unable to do so. Once again, the child supplied no details as to dates nor did she identify the boyfriend.
Finally, the child gave a fourth statement to Connie Karanicolas of the child protection team during a videotaped interview on November 6, 1992. On the tape, the child stated she was sleeping in the living room when she awoke from a weird dream and found appellant placing his hand under her nightgown. She further related that although appellant tried to insert his fingers inside her "privates," he did not do so. Although she was unsure, she thought this incident occurred before Halloween of the previous year, probably in September.
Following the hearing, the trial court reserved ruling on the state's request to introduce these statements at appellant's trial. It later issued a written order finding they were admissible under section 90.803(23). In that order, the trial court recited the age of the child and summarily determined, without explanation, that she was mentally above average and highly credible, that her statements were made over a one-year period of time, that her statements were not vague but materially consistent with the crime charged, and that her statements were in her own words, thus indicating no outside influence. It also concluded, without further explanation, that "[t]he time, place, and occurrence of the statements made by the child victim to each of the respective witnesses were appropriate[,]" *391 and that these statements satisfied "the threshold criteria test of [section] 90.803(23) for being trustworthy." Finally, the trial court ruled that the statements were not "cumulative since the only evidence of the criminal acts complained of is the testimony of the child victim[,]" nor would their introduction into evidence, under the totality of the circumstances, "unfairly prejudice the defendant, confuse the issues at trial, or mislead the jury."
At the trial held in August of 1993, the state relied on the child's testimony, substantially the same hearsay statements testified about at the hearing, and the videotaped interview. The substance of the child's testimony was as follows. One night while she was sleeping in the living room with one of her sisters, she awoke from a dream to find appellant, who was her mother's boyfriend at the time, placing his hand inside of her underwear and his fingers inside of her vagina. She also testified that her mother and three of her other siblings were asleep in other areas of the home. According to the child, she recalled that the incident occurred sometime after Halloween, but before Thanksgiving, because she remembered disposing of her sisters' Halloween costumes.
The child also testified that she did not immediately tell her mother since her mother was happy with the appellant, and she did not want to cause her mother any unhappiness. She did admit, however, that she did not like her mother living with appellant because whites should not live with nonwhites. Finally, the child denied ever telling her teacher that the appellant tried to have sexual intercourse with her on two occasions. She claimed, instead, that she told the teacher appellant had bothered her at two different times and that she "thought he might have tried to have sexual intercourse with me once."
The appellant testified in his own defense and denied ever sexually molesting the child. As noted, however, the jury convicted him of the incident charged in count one but acquitted him of the incident charged in count two. The trial court later sentenced him to fifteen years in prison.
Against this factual backdrop, we turn to an analysis of the law governing a trial court's determination as to the admissibility of child hearsay statements under section 90.803(23) and whether the trial court in this case complied with that law. As noted by the supreme court, "[s]ection 90.803(23), the child-sexual-abuse-hearsay exception, was enacted to enable trustworthy and reliable statements not covered under any other hearsay exception to be admitted in court." State v. Townsend, 635 So.2d 949, 953 (Fla. 1994) (emphasis in original). To be admissible, however, such statements "must meet two specific reliability requirements: (1) the source of the information through which the statement was reported must indicate trustworthiness; and (2) the time, content, and circumstances of the statement must reflect that the statement provides sufficient safeguards of reliability." Id. at 954 (emphasis in original). The legislative purpose for imposing such stringent requirements is "to balance the need for reliable out-of-court statements of child abuse victims against the confrontation and due process rights of those accused of child abuse." Id.
To insure these critical criteria are satisfied before such a statement is admitted into evidence, the statute mandates that a trial court conduct a hearing outside the presence of the jury and determine that "that the time, content, and circumstances of the statement provide sufficient safeguards of reliability." § 90.803(23)(a)1. The statute further provides a list of factors for the trial court to consider in making this determination of reliability which include "the mental and physical age and maturity of the child, the nature and duration of the abuse or offense, the relationship of the child to the offender, the reliability of the assertion, the reliability of the child victim, and any other factor deemed appropriate." Id. Finally, the statute requires a trial court "to make specific findings of fact, on the record, as to the basis for its ruling under this subsection." § 90.803(23)(c).
In construing section 90.803(23)(c), the supreme court recently observed that it "envisions that the court will set forth the specific reasons that it relied upon and not *392 merely recite the statutory requirements relating to reliability." Feller v. State, 637 So.2d 911, 915 (Fla. 1994); see also Diaz v. State, 618 So.2d 346, 348 (Fla. 2d DCA) (boilerplate findings that merely track statutory language insufficient; trial court must make case-specific findings), review denied, 626 So.2d 204 (Fla. 1993). More important, a "[f]ailure to make specific findings not only ignores the clear directive of the statute, but also implicates the defendant's constitutional right to confrontation." Hopkins v. State, 632 So.2d 1372, 1377 (Fla. 1994).
Furthermore, in a situation involving several child hearsay statements determined to be admissible under section 90.803(23), a defendant may still invoke the protection afforded by section 90.403 by seeking to "exclude successive hearsay witnesses whose testimony of prior consistent statements merely bolsters and adds credence to the child victim's testimony." Perry v. State, 593 So.2d 620, 621 (Fla. 2d DCA), review denied, 602 So.2d 942 (Fla. 1992). Thus, such evidence, although properly admissible as an exception to the hearsay rule under section 90.803(23), may nevertheless be excluded under the balancing test found in section 90.403 if the trial court determines that "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence." Pardo v. State, 596 So.2d 665, 667-668 (Fla. 1992). Such a determination is within the sound judicial discretion of the trial court on a case-by-case basis. Perry, 593 So.2d at 621.
Finally, the standard in reviewing a trial court's decision that such out-of-court statements manifest a sufficient indicia of reliability to be admissible under section 90.803(23) is one of abuse of discretion. Perez v. State, 536 So.2d 206, 210 (Fla. 1988), cert. denied, 492 U.S. 923, 109 S.Ct. 3253, 106 L.Ed.2d 599 (1989). Furthermore, "[a]bsent the specific findings of reliability mandated by the statute, a reviewing court cannot determine whether the statements were in fact reliable." Hopkins, 632 So.2d at 1377. The failure to make such findings, however, does not mandate automatic reversal, but instead is subject to a harmless error analysis. Id.
Measured against these standards, we conclude that the trial court's limited, summary findings were insufficient to satisfy the case-specific requirements of the statute because they failed to address why the time, content, and circumstance of each individual statement provided sufficient safeguards of reliability. This shortcoming is particularly troublesome when, as alleged by the appellant and shown by the evidence, the hearsay statements were at odds with the child's trial testimony and, in one instance, with each other, coupled with the additional fact that the child had an obvious bias against the appellant because he was a non-white person living with her mother.
As noted, the statement the child made to her teacher about the appellant's attempts to have sexual intercourse with her was markedly different from what the child claimed at trial she actually told the teacher. We also perceive two significant inconsistencies between the child's videotaped statement and her trial testimony regarding the time and nature of the sexual assault. On the tape, the child related that she was unsure when the incident occurred and appellant did not insert his fingers in her "privates." At trial, however, she claimed to have a good recollection of when the event occurred and that appellant digitally penetrated her. Additionally, in her statement to her aunt, the child recounted that the appellant would assault her at night in her bedroom or when her mother was not at home. According to the child's trial testimony, however, this particular assault took place in the living room while the mother was asleep in another part of the home. Finally, the child's statement to the aunt that appellant was "fingering" her was clearly inconsistent with her videotaped statement that he did not perform such an act.
We have previously held in a factual context involving contradictory child hearsay statements not made at a time closely approximate to the alleged offense that "[t]he time of the out of court statements, relative to the time of the incident charged and the circumstances of the statements, are critical *393 to a determination of reliability." Jaggers v. State, 536 So.2d 321, 324 (Fla. 2d DCA 1988) (emphasis added). Thus, under the rationale of Jaggers, the trial court's order finding these statements admissible was critically deficient because it did not discuss when each statement was made in conjunction with the crimes charged, nor the circumstances under which each statement was made, but simply noted that they were "appropriate" and "trustworthy." Such a summary conclusion, "without explanation or factual findings, that the time, content, and circumstances of the statements to be admitted at trial were sufficient to reflect that the statements were reliable[,]" was clearly insufficient under both the statute and the Confrontation Clause[2] and constituted reversible error. Townsend, 635 So.2d at 958.
We similarly conclude that the trial court's determinations based on the statutory criteria of the child's mental maturity and reliability, as well as the reliability of her assertions, were factually insufficient to satisfy the requirements of the statute. Nowhere in its order did the trial court recite what specific facts led it to the conclusions that the child was mentally above average and highly credible, that her statements were not vague but materially consistent with the crime charged, and that there was no indication of any outside influence when she made the statements, purportedly in her own words.
As we previously noted, without such specific findings, the law precludes us as a reviewing court from making an independent determination of whether this child's statements were in fact reliable. Accordingly, in view of the deficiencies in the trial court's order, we conclude that it abused its discretion in determining that the child's hearsay statements bore sufficient indicia of reliability to be admissible at appellant's trial.
We pause at this juncture to emphasize that our observations regarding the inconsistencies between the hearsay statements and the child's trial testimony, as well as between some of the statements themselves, should not be construed as comments on the child's credibility. Instead, our analysis was intended to underscore the prejudice which may befall a defendant, accused of one of the most heinous and widely condemned crimes known to society, when a trial court allows child hearsay statements into evidence without following the stringent, constitutionally-mandated requirements of section 90.803(23). Once a trial court properly complies with the statute, however, it then becomes the province of the jury to assess credibility.
We also conclude, after a thorough review of the record, that there is a reasonable possibility that the erroneous admission of these four separate hearsay statements affected the jury's verdict and thus constituted harmful error. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). As the trial court noted in its order, the child's testimony constituted the only evidence against appellant. Hence, in our view, these improperly admitted statements "might well have had a significant reinforcing effect in the minds of the jury regarding the [child's] credibility." Arney v. State, 652 So.2d 437, 438-439 (Fla. 1st DCA 1995). Moreover, in those cases in which appellate courts have found the trial court's failure to make case-specific findings harmless, there was in each instance other corroborating evidence, such as Williams rule testimony[3] coupled with other admissible child hearsay statements, Diaz v. State, 618 So.2d 346; Williams rule testimony along with medical evidence of sexual molestation, Seifert v. State, 616 So.2d 1044 (Fla. 2d DCA 1993), approved, 636 So.2d 716 (Fla. 1994); admissions by the defendant, Hopkins, 632 So.2d 1372; or medical testimony consistent with abuse, Heuss v. State, 660 So.2d 1052 (Fla. 4th DCA 1995). We have no such additional evidence in this case.
Accordingly, for the reasons expressed, we are compelled to reverse and remand for a new trial. On remand, however, the state *394 may again seek to introduce the child's hearsay statements as they relate to count one only, provided the trial court strictly complies with the requirements of section 90.803(23) prior to their introduction at trial. Furthermore, in the event the trial court determines these multiple statements to be admissible under the statute, it should once again engage in the "probative value-unfair prejudice" analysis under section 90.403.
Reversed and remanded for new trial with directions.
RYDER, A.C.J., and SCHOONOVER, J., concur.
NOTES
[1] The jury acquitted appellant of a second count charging him with committing a lewd and lascivious act in the presence of the same child. § 800.04(4). We do not discuss the child's hearsay statements regarding this count because they would clearly be inadmissible at retrial on count one.
[2] U.S. Const. amend. VI.
[3] Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959) (codified in section 90.404(2), Florida Statutes (1991)).