660 So.2d 778 (1995)
Clarence Jerry REYNOLDS, Appellant,
v.
STATE of Florida, Appellee.
No. 94-0602.
District Court of Appeal of Florida, Fourth District.
September 20, 1995.
*779 Peter D. Lent, Fort Lauderdale, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
STONE, Judge.
We affirm Appellant's convictions and sentence for sexual battery on a child and indecent assault. The primary issues on appeal involve the hearsay testimony of four witnesses: Diane, the mother of the nine-year-old victim; Rashelle, a family friend who was also the child's baby-sitter and who was present when the victim returned home; the investigating detective; and a children's services counselor.
Each of the four witnesses testified concerning statements by the victim describing the crime. Each statement contained allegations that Appellant, a neighboring girlfriend's father, lured the victim into his apartment and bedroom, exposed himself, and committed a sex act upon the victim. The child, on arriving home after the incident, immediately told Rashelle what had happened. Rashelle then called Diane into the room and the victim repeated the story. The police were then called and the child gave a statement to the detective. Many months later, the victim described what had occurred to the counselor.
Appellant initially asserts that the trial court erred by not strictly following the findings requirements for admitting child hearsay statements under section 90.803, Florida Statutes. Separate hearings were conducted shortly before trial as to the first three witnesses and during trial as to the fourth. The record reflects the court essentially followed the statute in those hearings in considering whether the time, content, and circumstances, etc., provided sufficient safeguards of reliability to justify admitting the hearsay testimony. Appellant argues that the court's factual findings were insufficient.
The trial court reviewed the facts surrounding the statements and indicated on the record that it had considered all of the required indices of reliability, and that it had no concerns as to trustworthiness. The court found, with regard to Diane and Rashelle's testimony, that the statements were trustworthy, based on their close relationship with the child, the fact that the victim's statements *780 were spontaneous, and on the child's, and their, demeanor. As to the detective, the court recognized that the issue was close, the child's statement having been given several hours later, but concluded that the statement was reliable and not coerced. One of the consistent facts apparently influencing the court was the undisputed fact that Appellant was wearing no underwear at the time of the incident which corresponds to the victim's statement to the same effect. In ruling the hearsay testimony of the counselor trustworthy, the court considered the environment, context, and methodology used by the counselor.
In affirming, we have considered Hopkins v. State, 632 So.2d 1372 (Fla. 1994), relied upon by Appellant, in which the supreme court held that the failure, in that case, to make required factual findings was error. However, here, unlike the proceedings in Hopkins, the trial court made sufficient findings and an adequate record to support the court's conclusions. The record reflects that the court cumulatively weighed numerous potential facts, such as time, circumstances, credibility, demeanor, spontaneity, internal consistency of the individual statements, and maturity of the child. See Woodfin v. State, 553 So.2d 1355, 1357 (Fla. 4th DCA 1989), rev. denied, 563 So.2d 635 (Fla. 1990). See also Perez v. State, 536 So.2d 206 (Fla. 1988), cert. denied, 492 U.S. 923, 109 S.Ct. 3253, 106 L.Ed.2d 599 (1989); Jesus v. State, 565 So.2d 1361, 1364 (Fla. 4th DCA 1990).
Appellant next argues that the court used corroborative evidence in determining the trustworthiness of the hearsay testimony, in that the court mentioned, ambiguously, that the statements were consistent. Use of corroborative evidence to determine trustworthiness is proscribed by both the Florida and U.S. Supreme Courts. See Idaho v. Wright, 497 U.S. 805, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990); State v. Townsend, 635 So.2d 949 (Fla. 1994). Corroboration may be considered, if otherwise admissible, only after reliability has been resolved. However, this issue has not been preserved for appeal. Wright; Hopkins; Seaman v. State, 608 So.2d 71 (Fla. 3d DCA 1992).
Appellant's third point is that the court erred in overruling Appellant's objections at trial, that the four hearsay witnesses' testimony was "cumulative." Appellant asserts that the trial court did not sufficiently analyze the testimony with respect to prejudice on the record before overruling the objections. The basis for Appellant's argument is the trial court's failure to demonstrate on the record that it, before ruling on the objection, applied the balancing test required by section 90.403, Florida Statutes. That section, in part, provides:
Relevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence.
We conclude that this issue also has not been preserved for appeal. Steinhorst v. State, 412 So.2d 332, 338 (Fla. 1982); Anderson v. State, 598 So.2d 276, 277 (Fla. 1st DCA 1992). By defense counsel's simply objecting to testimony on the grounds that it is "cumulative," without more, the trial court is not alerted to the fact that the objection is based upon a contention that the probative value of the otherwise admissible evidence is outweighed by the danger of unfair prejudice. We have considered Pardo v. State, 596 So.2d 665 (Fla. 1992) and find nothing in that opinion inconsistent with our conclusion. In this case, counsel never indicated to the court, in the course of making the objection at trial, that counsel was objecting on each and every ground precluding the admission of relevant evidence under section 90.403, nor did counsel otherwise alert the court that it should indicate for the record that it had applied a balancing test in reaching its ruling on the objection. We also note that we do not consider the situation presented by the instant case to demonstrate fundamental error such that it could be reviewed on appeal without objection at trial.
Additionally, even were the issue preserved, we note that the record is silent as to what factors were considered by the court in overruling the objection. Nothing in Pardo requires the court to sua sponte resolve all potential 90.403 issues once it has been determined, under section 90.803(23)(a), that *781 the hearsay rule does not preclude consideration of the statements. To the contrary, the court in Pardo quoted approvingly from the language in the district court's opinion in that case that once it is determined that testimony is allowed under 90.803(23)(a), the statements remain subject, like any other evidence, to analysis under section 90.403. "Thus, the defendant can move for exclusion of the evidence under section 90.403... ." Id. at 667. Nothing in Pardo authorizes or approves counsel's achieving this end simply by stating, "objection, cumulative" or words to that effect. Further, there is no requirement under section 90.403 that the court must make findings on the record or otherwise, to cause the record to reflect the specific reasoning applied by the court in overruling an objection that evidence is cumulative. We also note the authority of a trial court to control its proceedings allows the court to exclude evidence as cumulative for reasons not dictated by considerations of prejudice to a party. Having resolved this issue, we need not address arguments whether the hearsay evidence, even if otherwise excludable, was nevertheless harmless, or admissible on some other basis.
As to any other issues raised, we also find no error or abuse of discretion.
AFFIRMED.
GLICKSTEIN and FARMER, JJ., concur.