ANTOON, Judge.
A.E. (defendant) appeals his adjudication of delinquency for capital sexual battery of a five-year old girl,[1] contending that the trial court committed reversible error by admitting hearsay testimony. We reverse.
The defendant was charged with committing a sexual battery upon the victim; to wit, “putting his penis in contact with and/or inside the victim’s vagina.” During the defendant’s non-jury trial, the state called three witnesses to testify regarding out-of-court statements made by the child victim. These witnesses included the child’s mother, the child’s grandmother, and an Ocala police officer. The child’s statements to each of these witnesses included a specific allegation of penile penetration, and an identification of the defendant as the perpetrator. The state sought to introduce these statements pursuant to section 90.803(23), Florida Statutes (1993), which authorizes the admission of hearsay statements of a child victim provided that the statements are shown to be trustworthy and rehable.[2] Defense counsel objected to the admission of each statement, arguing that the trial court had failed to comply with subsection (c) of the statute which requires the trial court to make specific findings of fact on the record as to the basis of its ruling. The trial court did not specifically rule on the objections, but instead, after each objection, the trial court directed the prosecutor to continue his questioning of the witness. At the conclusion of the state’s case, defense counsel again objected to the admission of the witnesses’ testimony regarding the child’s out-of-court statements. The trial court responded:
Well, ..., the court finds its, pursuant to 90.803, that the ... testimony does not lack, ..., trustworthiness, that the court has determined that the mental and physical age of the child, the child was five; I had her say her a-b-c’s; she counted to sixteen, missing only number 15; ..., the relationship of the child to the offender; and the reliability of the child victim; ..., and whether or not I, .., take into consideration what she told people or not, I don’t know whether or not I’ll, you know, I don’t know about that yet, but, in any event, I’ll wait until I hear everything. As I say, it’s different when you’re a judge and jury to determine what, what you’re going to let in and what you don’t, but, in any event, go ahead with your case.
The issue was not addressed again. At the conclusion of the trial, the court found the defendant guilty as charged and adjudicated him delinquent.
The defendant first maintains that the trial court’s failure to set forth findings of fact as required by section 90.803(23)(c) constitutes reversible error. The state properly acknowledges that the trial court erred in failing to comply with the requirements of the statute, but maintains that such failure does not constitute reversible error in this case because the requirement of the statute pertains only to jury trials. The state fails however to cite any authority to support this contention, and independent research has failed to disclose any such authority. In fact, our courts have consistently ruled that findings of fact supporting the trial court’s ruling on the issue of admissibility under section 90.803(23) are essential. See State v. Townsend, 635 So.2d 949 (Fla.1994); Feller v. State, 637 So.2d 911, 915 (Fla.1994) Kertell v. State, 649 So.2d 892 (Fla. 2d DCA 1995); Joggers v. State, 536 So.2d 321 (Fla. 2d DCA 1988). Moreover, by failing to comply with the provisions of the statute, the trial court deprives the parties of meaningful appellate *706 review. Diaz v. State, 618 So.2d 346 (Fla. 2d DCA), rev. denied, 626 So.2d 204 (Fla.1993).
The state next suggests that any error occasioned by the trial court’s failure to provide findings of fact was harmless because the record contains substantial competent evidence to sustain the trial court’s finding of delinquency. After a careful review of the record, we cannot agree. As noted above, the defendant was charged with committing a sexual battery upon the victim; to wit, “putting his penis in contact with and/or inside the victim’s vagina.” The child never testified concerning penile penetration, and therefore, in an effort to establish the elements of the offense, the state necessarily relied upon the hearsay evidence regarding the child victim’s out-of-court statements.[3] Having found the defendant delinquent as charged, the trial court must have considered this hearsay evidence. In summary, we conclude that the trial court erred in failing to set forth proper findings of fact, and that such failure constituted reversible error. Accordingly, we must vacate the defendant’s adjudication of delinquency and remand this matter for a new trial.
VACATED and REMANDED.
DAUKSCH and COBB, JJ., concur.

. § 794.01 l(2)(b), Fla.Stat. (1993).

. Section 90.803(23), provides that out-of-court statements made by a child victim with a physical, mental, emotional, or developmental age of eleven or less describing any act of sexual abuse, are admissible if the source of information or the method or circumstances by which the statement is reported indicate trustworthiness, and if the court finds that the time, content, and circumstances of the statement provide sufficient safeguards of reliability. Subsection (c) of the statute directs the trial court to make specific findings of fact on the record as to the basis for a ruling under this subsection.

. In this regard, we address the fact that the trial court failed to rale on defense counsel's objection to the introduction of the hearsay statements. While it is often permissible, and sometimes even preferable, for a trial court to reserve ruling on certain objections until a later point in the trial, rulings should be made as soon as it is practical to do so.