PATTERSON, Acting Chief Judge.
M.P.C., the natural mother of D.P., appeals from the trial court’s order which finds D.P. dependent, withholds adjudication, and places the child in the home with protective supervision. We reverse the order based on the improper admission of child hearsay evidence.
The Department of Children and Families (the Department) filed an amended dependency petition alleging that D.P., “age 5, suffered injury to his head as a result of blows from a belt at the hands of his mother.” On January 7,1997, D.P. complained to his kindergarten teacher that his head hurt. The teacher felt knots on his head, which he said hurt when she touched them, and she asked what happened. D.P. told her that his mother hit him with a belt because he didn’t clean up the front room fast enough. A doctor examined D.P. in the emergency room of Highlands Regional Medical Center and found three bumps, or hematomas, on his scalp. Because of the concern over internal injuries, a CAT scan was ordered, which produced negative results. Sergeant Bonifay testified that she interviewed D.P. When she asked how he got the head injury, D.P. told her that “his mommy had hit him on the head with a belt when he didn’t clean up the front room.” He told her that he was hit with the “shiny part,” indicating the belt buckle. At the adjudicatory hearing, the Department also presented the school principal, guidance counselor, nurse’s aid, the Department’s child protective investigator, and a clinical psychologist, who testified to the child’s out-of-court statements regarding his head injury.
The mother admitted that on January 5, 1997, she struck D.P. with a belt on the buttocks for failing to clean a room, but she denied hitting him on the head. She refused the Department’s offer of parenting and counseling services, and she testified that she did not know how the injury occurred. The mother’s counsel argued that D.P.’s hearsay statements were unreliable, and she presented a former day care worker who testified that D.P. told her, “I lied that my mother hit me.”
Dr. Kremper, a clinical psychologist, testified regarding the child’s ability to testify and stated that he made a diagnosis of adjustment disorder with depressed mood and that the child was suffering from clinical depression. Dr. Kremper noted that the child was preoccupied with and fearful of being spanked by his mother and her boyfriend. It was Dr. Kremper’s opinion that should the child, who was already depressed, be required to testify in the dependency proceeding, it would traumatize him further and he would suffer short-term as well as long-term emotional harm.
The parties agreed that D.P. was unavailable due to the emotional or mental harm that it would cause him. See § 90.803(23)(a)2.b., Fla. Stat. (Supp.1996). The mother’s counsel, citing to section 90.803(23), then asked that the trial court exclude the child’s hearsay statements on the basis of lack of reliability. The trial court made no findings, overruled the objection, and admitted Dr. Kremper’s report into evidence. When the next witness, Treva Davis, a child protective investigator, testified, the mother’s counsel again objected to D.P.’s hearsay based on reliability. The court overruled the objection, and counsel noted a continuing objection to the child hearsay.
The trial court committed reversible error in admitting D.P.’s out-of-court statements without making the findings required by section 90.803(23), Florida Statutes (Supp.1996). To admit child hearsay under the exception in section 90.803(23), the trial court must hold a hearing and make findings “that the time, content, and circumstances of the statement provide sufficient safeguards of reliability.” § 90.803(23)(a)(1), Fla. Stat. *635 (Supp.1996); see Garcia v. State, 659 So.2d 388 (Fla. 2d DCA 1995); In the Interest of R.L.R., 647 So.2d 251 (Fla. 1st DCA 1994). Here, the trial court made no findings regarding the reliability of the child’s statements. The trial court’s failure to make the necessary findings does not withstand a harmless error analysis. While there is other evidence that the child had a head injury, the child’s hearsay is the only evidence that the mother struck the child on the head with the belt. Thus, we reverse the order finding D.P. dependent and remand for further proceedings in which the trial court must follow the requirements of section 90.803(23).
Reversed and remanded.
QUINCE and WHATLEY, JJ., concur.