DELL, J.
Julian Ingrassia appeals his conviction and sentence for indecent assault, lewd and lascivious acts in the presence of a child, and unnatural and lascivious acts. We affirm.
The child victim gave a taped statement to Detective Ulvang when she was four years old. In her statement, the child described three different sexually explicit episodes between her and appellant. These acts were substantiated by both appellant’s own admission to the police and the child’s testimony at trial.
Prior to trial, however, the trial court granted the state’s motion for admission of the child victim’s hearsay statements to the detective. After an evidentiary hearing on the matter, the trial court found her statements bore sufficient safeguards of reliability and therefore, were admissible.
Appellant contends that the trial court abused its discretion when it failed to make ease-specific findings that the child victim’s hearsay statements were reliable and admissible as required under section 90.803(23), Florida Statutes (1997). He argues that the trial court’s limited findings were factually insufficient to satisfy the specific requirements of the statute and cites Feller v. State, 637 So.2d 911 (Fla.1994), and Garcia v. State, 659 So.2d 388 (Fla. 2d DCA 1995), in support. We disagree.
In its order on the admissibility of the child victim’s hearsay statements, the trial court found the statements were trustworthy because:
a. The source, Det. Ulvang, is an attorney and seven year veteran with the Broward Sheriffs Office and a credible witness.
b. The statement was given to Det. Ulvang six days after the alleged crime was reported by the child to her mother.
c. The statement detailed incidents of unlawful sexual touch and genital contact covering a period of approximately two months.
d. The statement itself demonstrates narrative responses in terms common to a child of [the victim’s] age, and a product of non-leading questions.
e. There is no evidence of a turbulent relationship between the child and the Defendant. Quite to the contrary, the child maintained a harmonious relationship with the Defendant.
*447 f. The reliability of the child’s statement to Det. Ulvang has been established by clear and convincing evidence.
Here, unlike Feller and Garcia, the trial court did not merely recite the statutory requirements or summarily find the statements were reliable. Instead, the court set forth case-specific findings that were supported by the record. Therefore, we hold, as in Reynolds v. State, 660 So.2d 778 (Fla. 4th DCA 1995), that the trial court did not abuse its discretion in admitting the child victim’s hearsay statement because “[t]he record reflects that the court cumulatively weighed numerous potential facts, such as time, circumstances, credibility, demeanor, spontaneity, internal consistency of the individual statements, and maturity of the child.” Id. at 780.
AFFIRMED.
WARNER, C.J., and GUNTHER, J., concur.