PER CURIAM.
In the face of appellant’s claim that the trial court improperly utilized a minimal amount of corroborating evidence to determine that hearsay statements of the child victim would be admissible under section 90.803(23), Florida Statutes (2000), we affirm. We note that the court made numerous appropriate findings of reliability that are not challenged by appellant, and also that the trial court specifically mentioned the corroborating evidence only with regard to one of the four statements made by the child. See Idaho v. Wright, 497 U.S. 805, 823, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990) (“[W]e think the presence of corroborating evidence more appropriately indicates that any error in admitting the statement might be harmless, rather than that any basis exists for presuming the declarant to be trustworthy.” (footnote omitted)); Seaman v. State, 608 So.2d 71, 73 (Fla. 3d DCA 1992) (“[A]s-suming arguendo that the point was properly preserved for purposes of appeal, the trial court found the child hearsay statements reliable on multiple grounds amply supported by the record. We are satisfied that any consideration by the trial court of the corroborating physical evidence of abuse was entirely harmless.”).
AFFIRMED.
BOOTH, MINER, and KAHN, JJ, concur.