943 So.2d 296 (2006)
Johnnie Clifford MOORE, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-5555.
District Court of Appeal of Florida, First District.
December 5, 2006.
*297 Nancy A. Daniels, Public Defender, and Steven L. Seliger, Assistant Public Defender, Tallahassee, for Appellant.
Charles J. Crist, Jr., Attorney General, and Sheron Wells, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Johnnie Clifford Moore appeals his convictions and sentences for lewd and lascivious molestation on a child under twelve years of age by a person eighteen or older and for lewd and lascivious exhibition. Moore raises three issues on appeal. We affirm.
Moore first argues the trial judge abused his discretion when he allowed similar fact evidence of a prior incident of child molestation to be heard by the jury. In criminal cases dealing with child molestation, a defendant's commission of other acts of child molestation may be considered for its bearing on any matter that is relevant. § 90.404(2)(b), Fla. Stat. (2005). The admission of such evidence, however, is still subject to the relevancy requirements of section 90.403, Florida Statutes. See McLean v. State, 934 So.2d 1248, 1251 (Fla.2006). The similarity of the previous episode of child molestation to the charged offense is the key consideration in admitting such evidence. Id. at 1259. In this case, as the previous act of child molestation shared numerous similarities with the charged offense, the trial judge did not abuse his discretion in admitting the evidence.
Next, Moore argues the trial judge abused his discretion in allowing three different witnesses to testify to the child's hearsay statements. Section 90.803(23), Florida Statutes, governs the admission of such statements. Here, the child testified, the defendant received proper notice, and the trial judge specifically found that the statements were reliable. See § 90.803(23), Fla. Stat. (2005). The trial judge did not abuse his discretion in finding the probative value of the statements not substantially outweighed by the danger of presenting cumulative evidence. See Pardo v. State, 596 So.2d 665, 668 (Fla.1992); § 90.403, Fla. Stat. (2005).
Lastly, Moore contends the trial judge erred in allowing the jury to learn of his prior criminal record. Although Moore did not testify at trial, he succeeded in introducing exculpatory statements made to the police under the rule of completeness. See § 90.108, Fla. Stat. (2005). When a defendant successfully introduces his hearsay statements into evidence, the credibility of the declarant may be attacked just as if the declarant had testified as a witness. See § 90.806(1), Fla. Stat. (2005); see also Kelly v. State, 857 So.2d 949, 950 (Fla. 4th DCA 2003) (allowing impeachment with prior criminal record *298 because defense counsel, on cross-examination, elicited exculpatory statements defendant had made to police officer); Werley v. State, 814 So.2d 1159, 1163 (Fla. 1st DCA 2002) (allowing introduction of husband's prior criminal record for impeachment purposes due to wife testifying to husband's exculpatory hearsay statements). See generally 5 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 806.04(2)(b) (Joseph M. McLaughlin ed., 2d ed. 2002) ("A defendant who chooses not to testify but who succeeds in getting his or her own exculpatory statements into evidence runs the risk of having those statements impeached by felony convictions."). Accordingly, the trial judge properly allowed the State to impeach Moore with his prior criminal record.
AFFIRMED.
BROWNING, C.J., KAHN and DAVIS, JJ., concur.