ROWE, J.
 

 The appellant, Kevin Brian Bass, appeals his conviction of sexual battery on a child less than 12 years old. The appellant raises two issues on appeal: (I) whether the trial court abused its discretion by not questioning a juror who appeared upset and who made comments indicating that she was upset, and (II) whether the trial court erred by allowing the state to introduce several witnesses who testified regarding out-of-court statements made by the child victim. We affirm as to both issues.
 

 We reject the appellant’s assertion that the trial court abused its discretion by not questioning a juror who was temporarily upset after hearing the testimony of the five year-old victim. The record reveals that upon returning from a brief recess following the victim’s testimony, the juror “seemed a little teary” and made a comment to the court security officer during the recess indicating that she was upset. When brought to the trial judge’s attention, he addressed the jury by stating that he was aware of the difficult subject matter, but as the finders of fact they should not be influenced by feeling angry at or sorry for anyone; additionally, they should not allow prejudice, bias, or sympathy to influence their decision; instead, they should keep an open mind and hear all the evidence. After the jury instructions were read, the juror “cleared up.”
 

 During the next break, outside of the presence of the jury, the trial court entertained arguments from both sides regarding the juror. The defense counsel expressed concern that the juror might be sympathetic towards the victim and that she had predetermined her decision prior to the presentation of all the evidence. The trial court declared that it was going to allow the juror to remain on the jury, but it would observe her and would revisit the situation if necessary. The record does not demonstrate that the juror was observed to exhibit any other emotional expressions. The record reflects that the juror subsequently approached the court security officer on her own and told the officer that she was “doing better.”
 

 Dealing with the conduct of jurors is left to the sound discretion of the trial court.
 
 See Gore v. State,
 
 475 So.2d 1205, 1209 (Fla.1985);
 
 Bauta v. State,
 
 698 So.2d 860, 861-62 (Fla. 3d DCA 1997). The appellant argues that in this case it was error for the trial court to require the juror to “tough it out,” citing
 
 Thomas v. State,
 
 748 So.2d 970 (Fla.1999), for the proposition that “[hjostilities ultimately evidenced by crying jurors are hardly indicative of reliable deliberations.”
 
 Id.
 
 at 979. However, the appellant’s reliance upon
 
 Thomas
 
 is misplaced. In
 
 Thomas,
 
 the supreme court found that under the “extreme prevailing circumstances” of that case, the cumulative nature of the trial judge’s actions and comments created a “substantial risk of coercion, or at the very least, constituted undue pressure” upon a lone holdout juror.
 
 Id.
 
 at 977. The facts in the instant case do not give rise to the “undue pressure” found to be reversible error in
 
 Thomas.
 

 
 *45
 
 As the trial court properly noted, jurors are human beings and, therefore, subject to a range of emotions, especially in difficult cases.
 
 [1]
 
 Here, the trial court had a first-hand opportunity to view the demean- or of the juror in question. The court made a finding on the record that the juror remained attentive, and although she initially “seemed a little teary eyed” after the victim’s testimony, she “cleared up” after the court read the relevant portions of the jury instructions. The record demonstrates that the juror did not continue to display emotions, she did not make any subsequent comments, and she voluntarily informed the court security officer that she was doing better. Given these circumstances we do not find that the trial court abused its discretion by not questioning a juror who appeared upset where the court instructed the jury on sympathy and monitored the juror throughout the trial.
 
 See Murray v. State,
 
 356 So.2d 71, 72 (Fla. 1st DCA 1978) (finding that where juror cried during the polling of jury, it was not an abuse of discretion for trial court to prohibit defense counsel from interviewing juror after trial);
 
 Aragon v. State,
 
 853 So.2d 584, 589 (Fla. 5th DCA 2003) (noting that “juror’s statement that she felt unqualified to make a difficult decision in a serious case and that she cried during the polling procedure” did not “form the basis of a reasonable belief that the verdict may be subject to legal challenge”);
 
 Williams v. State,
 
 689 So.2d 393, 398 (Fla. 3d DCA 1997) (citing with approval a New Jersey Supreme Court opinion which held that trial court’s failure to examine juror who cried during the victim’s testimony did not constitute reversible error).
 

 Under issue II, the appellant argues that while the testimony of several witnesses regarding hearsay statements made by the victim were admissible under section 90.803(23), Florida Statutes, the statements were nevertheless inadmissible under section 90.403, Florida Statutes.
 
 [2]
 
 After a thorough review of the record, we find that the appellant’s argument under issue II was not properly preserved for appellate review.
 
 See Tillman v. State,
 
 471 So.2d 32, 35 (Fla.1985).
 

 Initially, we note that section 90.803(23), Florida Statutes, allows for the introduction of testimony concerning hearsay statements made by a child-victim under the age of 11 regarding the abuse, if the trial court determines the statements are sufficiently reliable. § 90.803(23), Fla. Stat. The supreme court has noted that the language of section 90.803(23) provides that “a child victim’s hearsay statement is not excludable per se as hearsay, or as a prior consistent statement, even though the child testifies fully at trial.”
 
 Pardo v. State,
 
 596 So.2d 665, 667 (Fla.1992). However, the court noted that the evidence could still be deemed inadmissible if the
 
 *46
 
 trial court determined that the probative value was substantially outweighed by the danger of unfair prejudice under section 90.403, Florida Statutes.
 
 Id.
 
 at 667-68.
 

 In
 
 Reynolds v. State,
 
 660 So.2d 778, 780 (Fla. 4th DCA 1995), the appellant argued that “the trial court erred in overruling Appellant’s objections at trial, that the four hearsay witnesses’ testimony was ‘cumulative’ ” in violation of section 90.403, Florida Statutes. The court in
 
 Reynolds
 
 concluded that the issue had not been preserved for appeal.
 
 Id.
 
 (citing
 
 Steinhorst v. State,
 
 412 So.2d 332, 338 (Fla.1982)). In
 
 Reynolds
 
 the court noted that an objection “to testimony on the grounds that it is ‘cumulative,’ without more,” did not properly alert the trial court “that the objection is based upon a contention that the probative value of the otherwise admissible evidence is outweighed by the danger of unfair prejudice.”
 
 Id.
 

 Here, prior to and during trial the defense counsel’s objections centered on the grounds that the witness’ testimony regarding the victim’s statements would be prior consistent statements and would, therefore, improperly bolster the victim’s trial testimony. The trial court properly ruled that the specific hearsay exception contained in section 90.803(23), Florida Statutes, trumped the bolstering and prior consistent statement arguments advanced by the defense counsel.
 
 See Pardo,
 
 596 So.2d at 667. At no time did the defense counsel alert the trial court that his objection was based upon the contention that the testimony’s probative value was substantially outweighed by the needless presentation of cumulative evidence.
 

 During a pretrial hearing, the defense counsel stated that he predicted the state would “parade in four or five witnesses” to testify about the child’s hearsay statements; however, this was never ruled upon or raised again. The defense counsel’s statement regarding the state “parading in witnesses” is similar to the “cumulative” objection made in
 
 Reynolds,
 
 which the court found did not preserve a section 90.403 objection.
 
 Id.
 
 at 780. Accordingly, we find that the appellant’s argument that the trial court erred by allowing the hearsay testimony of multiple witnesses has not been properly preserved for appellate review.
 
 See id.; Anderson v. State,
 
 598 So.2d 276, 276-77 (Fla. 1st DCA 1992) (holding that although under
 
 Pardo
 
 trial court must conduct section 90.403 analysis, appellant did not preserve that issue for appellate review).
 

 Had the appellant’s argument been properly preserved, we would conclude that his argument does not merit reversal because the probative value of the witnesses’ testimony was not substantially outweighed by the presentation of similar evidence of the out-of-court statement by multiple witnesses, especially since the defense counsel was allowed to attack the credibility of several of the witnesses at trial.
 
 See Moore v. State,
 
 943 So.2d 296, 297 (Fla. 1st DCA 2006) (holding that a trial judge did not abuse its discretion by allowing three witnesses to testify concerning the child’s hearsay statements).
 

 Accordingly, we AFFIRM the appellant’s judgment and sentence.
 

 VAN NORTWICK and LEWIS, JJ., concur.
 

 [1]
 

 . As aptly characterized by the Fifth District,
 

 The jurors hear the evidence and the legal instructions and then struggle to sort through it all as they search for the truth. Often times they must make extraordinarily difficult decisions in cases that have very serious consequences for all of the participants. To allow inquiry into the jurors' emotions and feelings of inadequacy as they go through this often difficult process is to expect something closer to perfection than they and our judicial system can legitimately be expected to give.
 

 Aragon v. State,
 
 853 So.2d 584, 589 (Fla. 5th DCA 2003).
 

 [2]
 

 . Section 90.403, Florida Statutes, provides as follows:
 

 Relevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence. This section shall not be construed to mean that evidence of the existence of available third-party benefits is inadmissible.