ON MOTION FOR CLARIFICATION

WELLS, Judge.
The appellee has filed a motion for clarification in connection with the opinion issued by this Court on February 9, 2011. We grant clarification, withdraw our previous opinion, and substitute this corrected opinion in its stead.

CONFESSION OF ERROR

Defendant, the owner of a pharmacy, appeals his conviction for one count of grand theft and one count of medicaid fraud. He argues that the trial court reversibly erred by allowing the State to introduce inadmissible hearsay evidence over defense objection. On the State’s proper confession of error, we reverse.
At trial, over objection,[1] the State proved its case in critical part by using business records from defendant’s wholesaler admitted through the testimony of a fraud investigator assigned to defendant’s pharmacy, without a custodian of the records or other qualified person testifying as to the accuracy of the records.[2] See Brooks v. State, 918 So.2d 181, 193 (Fla.2005) (“To be admissible as a business record, it must be shown that the record was (1) made at or near the time of the event recorded; (2) by or from information transmitted by a person with knowledge; (3) kept in the course of a regularly conducted business activity; and (4) that it was the regular practice of that business to make such a record.”); see also § 90.803(6)(a), Fla. Stat. (2007) (“A memo *309 randum, report, record, or data compilation, in any form, of acts, events, conditions, opinion, or diagnosis, made at or near the time by, or from information transmitted by, á person with knowledge, if kept in the course of a regularly conducted business activity and if it was the regular practice of that business activity to make such memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, or as shown by a certification or declaration that complies with paragraph (c) and s. 90.902(11), unless the sources of information or other circumstances show lack of trustworthiness.”). The comparison of these records to the payments made by the State being the chief mechanism by which the charges at issue were proven, we cannot conclude the admission of this evidence was harmless.
Accordingly, the order under review is reversed and remanded.

. See § 90.801(l)(c), Fla. Stat. (2007) (" ‘Hearsay’ is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.”); § 90.802, Fla. Stat. (2007) ("Except as provided by statute, hearsay evidence is inadmissible.”); § 90.803(6)(a), Fla. Stat. (2007) (identifying business record exception to the hearsay rule).

. In Mann v. State, 787 So.2d 130, 135 (Fla. 3d DCA 2001), we explained:
In order to lay a foundation for the business record exception to the hearsay rule, it is not necessary to call the person who actually prepared the document. The record custodian or any qualified witness who has the requisite knowledge to testify as to how the record was made can lay the necessary foundation.
(Footnote omitted). As the State concedes that standard was not met in the instant case.