PER CURIAM.
Alonzo McCullum (“Appellant”) appeals his conviction for lewd or lascivious molestation of a victim less than 12 years of age. He argues the trial court reversibly erred by allowing the State to put on evidence of a prior alleged, but uncharged, child molestation. Specifically, he asserts the evidence was irrelevant, and thus, inadmissible because the prior acts were not sufficiently similar to the alleged acts supporting the charged offense.
In criminal prosecutions for child molestation, section 90.404(2)(b), Florida Statutes, permits the use of evidence of prior acts of child molestation “for its bearing on any matter to which it is relevant.” § 90.404(2)(b)l., Fla. Stat. (2011). To be admissible, the evidence not only must be relevant, but its relevance must substantially outweigh the potential for unfair prejudice, confusing the issues, misleading the jury, or needless presentation of cumulative evidence. See § 90.403, Fla. Stat. (2011); McLean v. State, 934 So.2d 1248, 1255, 1259 (Fla.2006); Moore v. State, 943 So.2d 296, 297 (Fla. 1st DCA 2006). The similarity of the collateral act(s) to the charged act(s) is the “key consideration” in determining admissibility, both as to relevance and as to unfair prejudice. See Moore v. State, 943 So.2d at 297 (citing Bodie v. Harvey, 943 So.2d at 1259 (La. App. 3 Cir.2006))
Here, the State accused Appellant of molesting a nine-year-old girl by touching and rubbing the child’s vaginal area over her clothes. The collateral acts occurred *1163 three years before, involved Appellant’s 15-year-old niece, began with Appellant touching the girl’s breasts on one occasion, and culminated later with sexual intercourse. Although the victims’ ages were different, and the previous acts included intercourse, the trial court found Appellant’s prior acts sufficiently similar to the charged acts as to opportunity and plan. Specifically, in addition to involving acts of molestation, in both cases, the victims were visiting Appellant in his home. In both cases, he committed the acts while others were present in the house. And in both cases, the precursor to the acts was Appellant either suggesting or permitting the victims to use his computer, which was not located in a common area of the house. In light of these similarities, the trial court did not abuse its discretion in admitting the evidence of prior molestation. See Moore v. State, 943 So.2d at 297.
AFFIRMED.
ROWE and MARSTILLER, JJ., concur.
BENTON, C.J., dissents.