ARTAU, EDWARD L., Associate Judge,
dissenting.
I dissent from the majority opinion in that the error was harmless. The video was cumulative of S.M.’s testimony at trial. Because the video was consistent with her trial testimony, the admission of the video does not present a reasonable possibility that it affected the outcome of the trial. Moreover, the record is clear that the trial court admitted corroborating Williams[2] rule evidence. I would therefore affirm. See Garcia v. State, 659 So.2d 388, 392 (Fla. 2d DCA 1995) (failure to make findings of reliability required by section 90.803(23), Florida Statutes (2014), “does not mandate automatic reversal, but instead is subject to a harmless error analysis.”); Diaz v. State, 618 So.2d 346, 349 (Fla. 2d DCA 1993) (insufficient findings under section 90.803(23), Florida Statutes, constituted harmless error where Williams rule corroborating evidence and other child hearsay statements were otherwise properly admitted).

. Williams rule evidence refers to relevant and admissible similar fact evidence of other crimes or bad acts. Williams v. State, 110 So,2d 654 (Fla.1959).