# Third District Court of Appeal

## State of Florida

Opinion filed September 4, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1668
Lower Tribunal No. F20-8684
_____


**Carlos Martinez-Urbina,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Marisa Tinkler Mendez, Judge.

Carlos J. Martinez, Public Defender, and Manuel Alvarez, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Linda Katz, Assistant Attorney General, for appellee.


Before EMAS, MILLER and LOBREE, JJ.

PER CURIAM.

Affirmed. See Rodriguez v. State, 77 So. 3d 649 (Fla. 3d DCA 2011) (applying abuse of discretion review to a trial court's determination of the reliability and admissibility of child hearsay statements pursuant to section 90.803(23), Florida Statutes); Osagie v. State, 58 So. 3d 307, 309 n.2 (Fla. 3d DCA 2011) ("In order to lay a foundation for the business record exception to the hearsay rule, it is not necessary to call the person who actually prepared the document. The record custodian or any qualified witness who has the requisite knowledge to testify as to how the record was made can lay the necessary foundation.") (citation omitted); Reynolds v. State, 660 So. 2d 778, 780 (Fla. 4th DCA 1995) ("By defense counsel's simply objecting to testimony on the grounds that it is 'cumulative,' without more, the trial court is not alerted to the fact that the objection is based upon a contention that the probative value of the otherwise admissible evidence is outweighed by the danger of unfair prejudice.") (citing Pardo v. State, 596 So. 2d 665 (Fla.1992)); Bass v. State, 35 So. 3d 43, 46 (Fla. 1st DCA 2010) (holding defendant did not properly preserve 90.403 objection where, during the hearing, defendant's objections "centered on the grounds that the witness' testimony regarding the victim's statements would be prior consistent statements and would, therefore, improperly bolster the victim's trial testimony."); Id. ("Had the appellant's argument been properly preserved,

we would conclude that his argument does not merit reversal because the probative value of the witnesses' testimony was not substantially outweighed by the presentation of similar evidence of the out-of-court statement by multiple witnesses, especially since the defense counsel was allowed to attack the credibility of several of the witnesses at trial.")