ON MOTION FOR REHEARING

PER CURIAM.
We grant Appellant’s motion for rehearing, withdraw our opinion of November 29, 1995, and substitute the following opinion:
We affirm the trial court’s order adjudicating Appellant guilty of resisting arrest without violence and committing him to the custody of the Department of Health and Rehabilitative Services. However, we remand to the trial court for correction of the order of disposition which failed to include the maximum term of commitment Appellant was subject to under section 775.082, Florida Statutes (1993), as required by section *1148 39.054(4), Florida Statutes (Supp.1994). R.B. v. State, 633 So.2d 542 (Fla. 5th DCA 1994); E.J. v. State, 595 So.2d 282 (Fia. 1st DCA 1992). We note that Appellant also requests this court to order correction of the order of disposition to reflect a maximum commitment of 60 days for the offense of criminal mischief under which Appellant was charged in case number 94-880. On remand, in agreement with D.D.M. v. State, 662 So.2d 384 (Fla. 5th DCA 1995), S.P. v. State, 664 So.2d 1064 (Fla. 2d DCA 1995), and T.A.R. v. State, 640 So.2d 222 (Fla. 5th DCA 1994), a separate order of disposition should be entered to reflect the above stated maximum term of commitment.
GUNTHER, C.J., STONE and GROSS, JJ., concur.