WARNER, Judge.
We affirm the trial court’s order adjudicating appellant delinquent but reverse the commitment order for correction due to the failure to provide a maximum term of commitment. See C.P. v. State, 669 So.2d 1147, 1148 (Fla. 4th DCA 1996). In addition, the trial court entered only one disposition order for both charges which appellant was found to have committed. A separate order must be entered for each offense to prevent confusion. See R.L.B. v. State, 703 So.2d 1245, 1247 (Fla. 5th DCA 1998); J.M.J. v. State, 22 Fla. L. Weekly D1673, D1673 (Fla. 1st DCA July 7, 1997). Finally, the court imposed a public defender’s fee without prior notice. The provisions of the Criminal Appeals Reform Act, Chapter 924, Florida Statutes (1997), which require preservation of sentencing errors, do not apply to juvenile proceedings, see State v. T.M.B., 716 So.2d 269, 269 (Fla.1998). Thus, we apply supreme court precedent which holds that imposition of a public defender’s fee without prior notice is a violation of due process which may be raised without preservation below. See Henriquez v. State, 545 So.2d 1340, 1341 (Fla. 1989); Wood v. State, 544 So.2d 1004, 1005-06 (Fla.1989).
Affirmed in part; reversed in part and remanded for further proceedings.
GUNTHER, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.