SALCINES, Judge.
J.A.L. appeals his June 21, 1999, adjudication of delinquency for obstructing an officer without violence and with violating the Tampa Juvenile Curfew Ordinance. We affirm the adjudications without further comment, but reverse the single disposition order and remand for further proceedings.
The offense of obstructing an officer without violence is a first-degree misdemeanor, punishable by a term of imprisonment not to exceed one year. See §§ 843.02, Fla. Stat. (1997), 775.082(4)(a), Fla. Stat. (1997). The violation of the Tampa Juvenile Curfew Ordinance is a second-degree misdemeanor punishable by a term of imprisonment not to exceed sixty days. See § 775.082(4)(b), Fla. Stat. (1997). The trial court entered a single order adjudicating sixteen-year old J.A.L. guilty of the two offenses and placed him on community control for an indefinite period of time.
 On appeal, J.A.L. argued, and the State conceded, that the trial court’s order improperly failed to set forth the duration of the community control. The indefinite term of community control was erroneous because the order could have been construed to extend commitment beyond the statutory maximum for each offense. See R.P. v. State, 760 So.2d 979 (Fla. 2d DCA 2000); A.F. v. State, 718 So.2d 260, 263 (Fla. 1st DCA 1998). Further, we note that the court erred by failing to enter separate orders of disposition as to each offense. See K.D. v. State, 779 So.2d 468 (Fla. 2d DCA 2000); A.F., 718 So.2d at 263.
Accordingly, we affirm the adjudications of guilt. We reverse the single disposition order and remand for the trial court to enter a separate disposition order for each offense with definite terms of community control which do not exceed the statutory máximums for the offense.
Affirmed in part, reversed in part, and remanded.
BLUE, A.C.J., and FULMER J., concur.