PALMER, J.
J.G. appeals his disposition orders imposed after he pled nolo contendere to violating his community control. We vacate and remand for entry of clarified disposition orders.
J.G. pled guilty to two counts of battery, each count punishable by up to one year of *1235 state supervision.[1] He was sentenced to concurrent one year terms of community control. The State subsequently charged J.G. with violating his community control in each case, and he pled nolo contendere to the charges. At the disposition hearing, the trial court revoked J.G.’s community control and adjudicated him delinquent. The court pronounced that J.G. would be committed to a “Department of Juvenile Justice Moderate Risk Residential Level Program, with re-entry to follow, aftercare to follow the program,” and that “the commitment will be for a maximum period of two years.”[2] At the time of the disposition hearing, J.G. was seventeen and a half years old.
J.G. first argues that, by ordering him to serve two years of commitment followed by aftercare/re-entry for an unspecified duration of time, the trial court improperly subjected him to the possibility of being under the Department of Juvenile Justice’s (Department) supervision beyond his nineteenth birthday.[3] He contends that at age nineteen the aftercare program of re-entry must cease. However, J.G. fails to cite any statutory or case law to support his claim. Instead, he cites to section 985.231(l)(a)l.d. of the Florida Statutes (1999) which provides that post-commitment community control must cease when a child reaches age nineteen. In effect, J.G. is arguing that re-entry should be considered by the courts to be “post-commitment community control” under this provision of the statute. We disagree. Section 985.231(l)(a)l.d. of the Florida Statutes (1999) expressly includes the terms “community control” and “post-commitment community control” but not “re-entry”. Here, J.G. was not given either community control or post-commitment community control. Rather, he was committed to a residential facility with reentry to follow. Pursuant to section 985.231, commitment to the Department, including re-entry, can be imposed upon a child up to, and including, the date of his twenty-first birthday. See § 985.231(l)(a)3., Fla.Stat. (1999).
J.G. next argues that the instant disposition order must be clarified because, as written, the language “re-entry to follow” could be improperly construed to mean that J.G.’s. re-entry program will continue beyond the two year statutory maximum term of commitment which can be imposed on his battery adjudications. See § 985.231(l)(d), Fla.Stat. (1999)(pro-viding that any commitment of a juvenile delinquent can not exceed the maximum term of imprisonment that an adult can serve for the same offense). We agree.
Re-entry is an aftercare program that serves as a component of commitment which continues to impose restrictions on the child’s liberty. In that regard, Chapter 985 expressly provides that J.G. must remain on commitment status during reentry and that he can be violated for failing to comply with the terms of the program. See §§ 985.231(l)(a)3.; 985.316(4); 985.404(4), Fla.Stat. (1999). See also K.G. v. State, 759 So.2d 752 (Fla. 4th DCA 2000). Also, re-entry programs are considered to be legal restraints for purposes of assessing points under Florida’s sentencing guidelines. See State v. Young, *1236 561 So.2d 583 (Fla.1990). To the extent that the instant disposition orders could be construed as authorizing J.G.’s re-entry to continue beyond the two year statutory maximum, the orders are unclear. Accordingly, we vacate the orders and remand this matter to the trial court for entry of clarified orders which limit J.G.’s duration of commitment to a maximum of two years, which would include any period of re-entry.[4]
J.G.’s third argument is that his disposition orders improperly fail to explicitly terminate the trial court’s jurisdiction over his aftercare/re-entry program on his nineteenth birthday. See § 985.201(4)(a), Fla.Stat. (1999)(providing that juvenile court retains jurisdiction over the child until the child reaches nineteen years of age). We reject this argument because all parties are on notice that, when ■ J.G. reaches the age of nineteen, the trial court’s jurisdiction terminates by operation of law pursuant to section 985.201(4)(a), Florida Statutes (1999). See T.J. v. State, 743 So.2d 1158 (Fla. 2d DCA 1999)(eu &cmc)(holding that juveniles and the State are deemed to be on notice of content of applicable juvenile statute). See also State v. Hart, 668 So.2d 589 (Fla.1996).
In summary, we vacate J.G.’s disposition orders and remand this matter to the trial court for entry of clarified orders consistent with this opinion.[5]
VACATED and REMANDED for entry of clarified orders.
THOMPSON, C.J., and HARRIS, J., concur.

. See §§ 775.082(4)(a); 784.03(l)(b), Fla.Stat. (1999).

. Aftercare includes, but is not limited to, minimum-risk non-residential programs, reentry services, and post-commitment community control. § 985.03(4), Fla.Stat. (1999).

.J.G. was born June 5, 1982. The record indicates that if J.G.'s commitment continues for two years, it will terminate six months after his nineteenth birthday.

. § 775.082(4)(a), Fla.Stat. (1999).

. We note that Chapter 985 has been amended and the terms “re-entry" and "community control" were deleted and replaced with other terms.