785 So.2d 696 (2001)
L.W.G., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-3449.
District Court of Appeal of Florida, Fourth District.
May 16, 2001.
Carey Haughwout, Public Defender, and Anthony Calvello, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Kristine Keaton, Assistant Attorney General, Fort Lauderdale, for appellee.
PER CURIAM.
L.W.G., a juvenile, pled no contest to battery and disruption of an educational institution and was adjudicated delinquent. She does not challenge her adjudication. Rather, she contends, and the State concedes, that the trial court erred in using one disposition order for both offenses and in committing her for an indeterminate period of time no longer than her twenty-first birthday or the maximum sentence allowable by law. We agree.
When a trial court adjudicates a juvenile delinquent for more than one offense, separate disposition orders must be entered for each adjudicated offense in order to prevent confusion. See B.H. v. State, 721 So.2d 1200 (Fla. 4th DCA 1998); see also J.A.L. v. State, 778 So.2d 408 (Fla. 2d DCA 2001); J.P.C. v. State, 773 So.2d 112 (Fla. 1st DCA 2000). Moreover, language committing a juvenile for an indeterminate period of time no longer than a specific birthday or the maximum term of imprisonment is error because such language could allow the sentence to be construed as running longer than the statutory maximum provided for the particular offense. See R.P. v. State, 695 So.2d 490 (Fla. 4th DCA 1997); M.S. v. State, 675 So.2d 215 (Fla. 4th DCA 1996); see also J.A.L., 778 So.2d at 409. Accordingly, we affirm L.W.G.'s adjudication of delinquency, but remand for the entry of two separate disposition orders, one for each offense. The disposition order for battery, a first-degree misdemeanor, should specify that L.W.G.'s commitment may run no longer than one year, and the disposition order for disruption of an educational institution, a second-degree misdemeanor, should specify that *697 her commitment may run no longer than sixty days. See §§ 784.03(1)(b), 877.13(3), 775.082(4)(a) and (b), Fla. Stat. (2000).
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
DELL, GUNTHER and KLEIN, JJ., concur.