PER CURIAM.
The Florida Bar Juvenile Court Rules Committee (“Committee”) has filed an emergency petition, asking this Court to amend Florida Rules of Juvenile Proce *537 dure 8.135 and 8.510. The Florida Bar Board of Governors unanimously approved the proposed amendments. The emergency is necessitated by statutory changes and by this Court’s decisions in J.B. v. Florida Department of Children & Family Services, 768 So.2d 1060, 1063 (Fla.2000), and State v. T.M.B., 716 So.2d 269, 271 (Fla.1998).[1] We have jurisdiction. See art. V, § 2(a), Fla. Const. The proposed amendments were published and no comments were received.
The amendment to rule 8.135, “Correction of Disposition or Commitment Orders,” [2] is necessitated by the Legislature’s adoption of the Criminal Appeal Reform Act of 1996, chapter 96-248, Laws of Florida. This Court amended Florida Rule of Criminal Procedure 3.800 in response to the Act, but subsequently held that the provisions of the Act codified in section 924.051, Florida Statutes (Supp.1996), pertaining to terms and conditions of appeals and collateral review in criminal cases, did not apply in juvenile delinquency proceedings. See T.M.B., 716 So.2d at 271.
In 1999, the Legislature amended section 985.234(1), Florida Statutes, to require juvenile delinquency appeals to be taken according to the provisions of section 924.051, Florida Statutes. See State v. T.G., 800 So.2d 204 (Fla.2001). This legislative change resulted in a proscription against appeals by juveniles of disposition or commitment order errors unless the errors were preserved properly or constituted fundamental error. This enactment left juveniles without a procedure to correct unpreserved commitment or disposition order errors. The amendment to rule 8.135 will provide that mechanism in juvenile delinquency proceedings.
The amendment to rule 8.135 conforms to rule 3.800, “Correction, Reduction, and Modification of Sentences,” with two exceptions: subdivision (b)(1)(B), which includes shorter time periods than those in rule 3.800 because of the expedited nature of juvenile court proceedings; and subdivision (c), concerning reduction and modification.
We adopt all of the proposed amendments to rule 8.135 with the exception of subdivision (c), which we decline to adopt at this time:
(c) Reduction and Modification. As provided by law, a court may reduce or modify a legal disposition or commitment order imposed by it at any time after imposition and before termination of supervision.
We conclude that this subsection is not necessitated by the issues raised in both J.B. and T.M.B. or by any emergency circumstance. As the petition points out, a minority of the committee was of the view that, because of concerns with finality, there should be a sixty-day provision that tracks the language of rule 3.800(c) of the Florida Rules of Criminal Procedure and our decision in State v. M.C., 666 So.2d 877 (Fla.1995).
In addition to our opinion in M.C., we are concerned with how the rule would work in conjunction with our opinion and holding in T.R. v. State, 677 So.2d 270 (Fla.1996), and with section 985.231, Florida Statutes (2001). Accordingly, we de- *538 dine to adopt proposed rule 8.135(c) at this time and return this matter to the Committee for further study to determine whether a rule is required, and if so, to ensure that the rule conforms with the requirements of existing statutory and case law applicable to juvenile matters. We adopt all of the remaining proposals regarding amendments to rule 8.135.
The amendment to rule 8.510 requires seventy-two hours between service of process of a petition to terminate parental rights and the advisory hearing on the petition, and further states that personal appearance at the advisory hearing extinguishes the time requirement. The amendment conforms the rule to J.B., 768 So.2d at 1063, in which we held that twenty-four hours’ notice of an advisory hearing on a petition for termination of parental rights was insufficient to guarantee a parent’s due process rights. The seventy-two-hour time period corresponds to existing provisions in the juvenile statutes and rules, including section 39.402(5)(b)2, Florida Statutes (2001), shelter placement hearing; section 39.501(4), Florida Statutes (2001), hearing on petition for dependency; section 39.521(l)(a), Florida Statutes (2001), disposition hearing; section 39.601(2), Florida Statutes (2001), case plan requirements; section 39.701(6)(b), Florida Statutes (2001), judicial review of child’s status; rule 8.215(c)(1), report of guardian ad litem; and rule 8.415(d), judicial review of dependency cases.
We hereby adopt the amendments to rules 8.135 and 8.510, as reflected in the appendix. New language is indicated by underlining; deletions are indicated by strike-through type. We have edited the proposed amendments for style and grammar. The amendments shall be effective January 15, 2002.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS, and QUINCE, JJ., concur.
APPENDIX
RULE 8.135. CLERICAL MISTAKES CORRECTION OF DISPOSITION OR COMMITMENT ORDERS
Clerical mistakes in judgments, orders, or-other parts of the record and errors therein arising-from-oversight or omission may be corrected by the court at any-time on-its own initiative or on motion of any party, after such notice,- if any, as the court orders. During-the-pendency of an appeal such mistakes may-be so corrected before the record on appeal is docketed in the appellate court and thereafter while -the appeal is pending may be so corrected-with leave of the appellate court.
(a) Correction. A court at any time may correct an illegal disposition or commitment order imposed by it. However, a party may not file a motion to correct under this subdivision during the time allowed for the filing of a motion under subdivision (b)(1) or during the pendency of a direct appeal.
(b) Motion to Correct Disposition or Commitment Error. A motion to correct any disposition or commitment order error, including an illegal disposition or commitment, may be filed as allowed by this subdivision. The motion must identify the error with specificity and provide a proposed correction. A response to the motion may be filed within 15 days either admitting or contesting the alleged error. Motions may be filed by the state under this subdivision only if the correction of the error would benefit the child or to correct a scrivener’s error.
(1) Motion Before Appeal. During the time allowed for the filing of a notice of appeal, a child, the state, or the depart *539 ment may file a motion to correct a disposition or commitment order error.
(A) This motion stays rendition under Florida Rule of Appellate Procedure 9.020(h).
(B) Unless the trial court determines that the motion can be resolved as a matter of law without a hearing, it shall hold an initial hearing no later than 10 days from the filing of the motion, with notice to all parties, for the express purpose of either ruling on the motion or determining the need for an evidentiary hearing. If an evidentiary hearing is needed, it shall be set no more than 10 days from the date of the initial hearing. Within 30 days from the filing of the motion, the trial court shall file an order ruling on the motion. If no order is filed within 30 days, the motion shall be deemed denied.
(2)Motion Pending Appeal. If an appeal is pending, a child or the state may file in the trial court a motion to correct a disposition or commitment order error. The motion may be filed by appellate counsel and must be served before the party’s first brief is served. A notice of pending motion to correct disposition or commitment error shall be filed in the appellate court, which notice shall automatically extend the time for the filing of the brief, until 10 days after the clerk of the circuit court transmits the supplemental record under Florida Rule of Appellate Procedure 9.140(e)(6).
(A)The motion shall be served on the trial court and on all trial and appellate counsel of record. Unless the motion expressly states that appellate counsel will represent the movant in the trial court, trial counsel will represent the movant on the motion under Florida Rule of Appellate Procedure 9.140(b)(5). If the state is the movant, trial counsel will represent the child unless appellate counsel for the child notifies trial counsel and the trial court that appellate counsel will represent the child on the state’s motion.
(B) The trial court shall resolve this motion in accordance with subdivision (b)(1)(B) of this rule.
(C) Under Florida Rule of Appellate Procedure 9.140(e)(6), the clerk of the circuit court shall supplement the appellate record with the motion, the order, any amended disposition, and, if designated, a transcript of any additional portion of the proceedings.
RULE 8.510. ADVISORY HEARING AND PRETRIAL STATUS CONFERENCES
(a) Advisory Hearing.
(1) An advisory hearing on the petition to terminate parental rights must be held as soon as possible after service of process can be effected, but no less than 72 hours following service of process. Personal appearance of any person at the advisory hearing eliminates the time requirement for serving process on that person.
(2) The court must:
(A) advise the parents of their right to counsel and appoint counsel in accordance with legal requirements;
(B) determine whether an admission, consent, or denial to the petition shall be entered; and
(C) appoint a guardian ad litem if one has not already been appointed.
(3) If a parent served with notice fails to appear at the advisory hearing, the court shall proceed as provided by law.
(4) If an admission or consent is entered, the court shall proceed to disposition alternatives as provided by law. If a denial is entered, the court shall set an *540 adjudicatory hearing within the period of time provided by law or grant a continuance until the parties have sufficient time to proceed to an adjudicatory hearing.
(b) Pretrial Status Conference. Not less than 10 days before the adjudicatory hearing on a petition for involuntary termination of parental rights, the court shall conduct a pretrial status conference to determine the order in which each party may present witnesses or evidence, the order in which cross-examination and argument shall occur, and any other matters that may aid in the conduct of the adjudicatory hearing.
(c) Voluntary Terminations. An advisory hearing may not be held if a petition is filed seeking an adjudication to voluntarily terminate parental rights. Adjudicatory hearings for petitions for voluntary termination must be set within 21 days of the filing of the petition. Notice of intent to rely on this subdivision must be filed with the court as required by law.

. Recently, in State v. T.G., 800 So.2d 204 (Fla.2001), we asked the Committee to consider whether Florida Rule of Criminal Procedure 3.800(b) should apply to juveniles or whether a companion rule for juvenile proceedings should be created. This emergency petition in fact encompasses the precise issue that we had requested the Committee to consider.

. We have amended the rule title to "Correction of Disposition or Commitment Orders” because we do not adopt subdivision (c) addressing reduction and modification.