PER CURIAM.
I.B.’s delinquency adjudication on the offenses of burglary of a dwelling and petit theft are affirmed. The disposition order, however, is reversed for modification.
Special conditions of probation that are not explicitly authorized by chapter 985, Florida Statutes, or do not involve conduct prohibited by some other statute must be orally pronounced. C.C.B. v. State, 782 So.2d 473, 476 (Fla. 4th DCA 2001). It is undisputed that the order includes four conditions of after care that should be stricken because they were not orally pronounced at the disposition hearing and not authorized by statute: a proscription against certain associations, an apology letter, no contact with victim, and discretion of counselor to take away activities. Further, the weapons prohibition should be modified to only restrict the possession of firearms, electric weapons, or concealed weapons. See § 790.23, Fla. Stat. (1999).
We find no error or abuse of discretion as to the requirement to follow the recommendations of the Juvenile Assessment Center on page two of the pre-dispo-sition report, to participate in counseling and testing, and to comply with program directives. This provision is valid because it is in furtherance of the rehabilitative component outlined in section 985.231, Florida Statutes. See C.C.B., 782 So.2d at 477 (holding that similar provision did not have to be orally pronounced because it was in furtherance of rehabilitative component of statute); § 985.231(1)(a), Fla. Stat. (1999). Finally, a separate disposition order for each of the two offenses is required. See B.H. v. State, 721 So.2d 1200 (Fla. 4th DCA 1998).
We, therefore, remand for modification on re-sentencing.
With respect to costs incurred, the record reflects that I.B. did have notice and an opportunity to be heard. State v. Beasley, 580 So.2d 139 (Fla.1991). Further, the record clearly reflects that the court stated the amount and basis for the statutorily authorized public defender fees and costs imposed. Although we recognize that this point is a minor one, we note conflict with R.T.D. v. State, 679 So.2d 1263 (Fla. 2d *612 DCA 1996), and Sutton v. State, 635 So.2d 1032 (Fla. 2d DCA 1994), for the reasons stated in the concurring opinion.
STONE and HAZOURI, JJ., concur.
GROSS, J., concurs specially with opinion.