816 So.2d 230 (2002)
I.B., A Child, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-2307.
District Court of Appeal of Florida, Fifth District.
May 10, 2002.
James B. Gibson, Public Defender, and Scott Ragan, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for Appellee.
*231 SAWAYA, J.
I.B. was charged with filing a false report of a crime. I.B. entered a plea of no contest to the charge without benefit of counsel, and the trial court adjudicated I.B. delinquent and entered its disposition order. We affirm the adjudication of delinquency. However, we reverse the disposition order for correction in accordance with this opinion.

Factual Background And Issues
The facts of the instant case are not complicated and a detailed discussion of them is not necessary to resolve the issues before us. The record reveals that I.B., fifteen years of age at the time of the offense, called an abuse hotline and falsely reported that one of the counselors at the Marion County Youth Development Center, a moderate risk residential facility I.B. was being housed in at the time, abused him. I.B. entered a plea of no contest to the charge of making a false report. After inquiry regarding I.B.'s desire to proceed without representation, the trial court accepted the plea and, contrary to the Department of Juvenile Justice's (DJJ) recommendation, sentenced I.B. to, among other things, a high risk residential program.
Of the issues I.B. raises, we find only two have merit: 1) whether the trial court erred in issuing an indefinite disposition and ordering probation in excess of the statutory maximum, and 2) whether the trial court erred in accepting I.B.'s plea without obtaining a knowing and voluntary waiver of his right to counsel.[1] The State contends that I.B. failed to properly preserve these errors for review. We will discuss the preservation issue first.

Preservation of Error In Juvenile Cases
Pursuant to section 924.051, Florida Statutes (2001), in order to preserve an issue for direct appeal in criminal cases, it must be timely raised before the trial court and ruled upon by the trial judge. Prior to July 1, 1999, issues in juvenile cases that were not properly preserved pursuant to section 924.051 could be raised for the first time on direct appeal. See K.O. v. State, 765 So.2d 901 (Fla. 5th DCA 2000). However, an amendment to section 985.234(1), Florida Statutes (1999), which governs appeals in juvenile cases, now requires that appeals regarding offenses committed after July 1, 1999, the effective date of the amendment, be governed by section 924.051. See State v. T.G., 800 So.2d 204 (Fla.2001); J.S. v. State, 805 So.2d 37 (Fla. 5th DCA 2001); see also J.J.T. v. State, 810 So.2d 548 (Fla. 1st DCA 2002).[2]
Because the offense in the instant case was committed by I.B. after July 1, 1999, the issues I.B. raises must have first *232 been preserved by appropriate objection in the trial court or they will be deemed waived, unless the errors are fundamental. T.G.; J.S.; J.J.T. Fundamental error is generally defined as error that "goes to the foundation of the case or the merits of the cause of action and is equivalent to a denial of due process." T.G., 800 So.2d at 211 (quoting J.B. v. State, 705 So.2d 1376, 1378 (Fla.1998)).
Having discussed the general principles relating to preservation of issues for appeal in juvenile cases, we will proceed to discuss the specific issues raised by I.B.

Disposition Beyond The Statutory Maximum
We must decide whether the trial court erred in placing I.B. in the high risk residential program for "an indeterminate period, but no longer than the maximum sentence allowable by law or the child's 19th birthday" and placing I.B. "on conditional release and probation" following his release. When adjudication is imposed in a juvenile case, the sentence must be limited to the maximum sentence that could be imposed upon an adult for the same offense. See D.L.J. v. State, 765 So.2d 740 (Fla. 1st DCA 2000); D.P. v. State, 730 So.2d 414 (Fla. 5th DCA 1999). Here, I.B.'s commitment to the residential program, including the term of probation that follows, may not run longer than the statutory maximum allowable by law, which in this case is one year.[3]
In the instant case, I.B. was sentenced to a high risk residential program followed by probation. As noted, the disposition order provides that I.B.'s placement in the residential program "is for an indeterminate period, but no longer than the maximum sentence allowable by law or the child's 19th birthday...."[4] Since the period of commitment to the residential program is for the statutory maximum given I.B.'s age, ordering probation to follow would exceed the statutory maximum for the offense. Therefore, the disposition order must be corrected.
The State contends that this issue is not preserved for review. We find that the error in I.B.'s disposition is fundamental and, therefore, must be corrected despite the fact that it has not been preserved for review. See A.M. ex rel. D.M. v. State, 790 So.2d 1233, 1235 (Fla. 5th DCA 2001) ("[I]f a juvenile is sentenced beyond the statutory maximum time for *233 the particular crime involved, fundamental error occurs, and should be corrected without regard to the preservation issues.") (citing J.C.R. v. State, 785 So.2d 550 (Fla. 4th DCA 2001)).

The Plea
I.B. next contends that his plea was involuntary because he entered it without benefit of counsel and the trial court failed to adequately advise him of the right to counsel pursuant to rule 8.165, Florida Rules of Juvenile Procedure. The State argues that I.B. has not preserved the issue for appellate review because he failed to file a motion to withdraw the plea prior to this direct appeal and because the plea colloquy supports a conclusion that the trial court made adequate inquiry regarding the voluntariness of his waiver of counsel.
In criminal cases, a defendant who claims that his or her plea was involuntary must generally file a motion to withdraw the plea in the trial court in order to preserve the issue for review.[5] In T.G., the court held that when a juvenile, who is represented by counsel, enters a plea that he or she later claims was involuntarily entered, that juvenile must file a motion to withdraw the plea in the trial court to preserve the issue for review. However, based on unique concerns presented when a juvenile enters a plea without benefit of counsel, the court adopted the following rule:
"[F]undamental error" occurs in instances when juveniles enter uncounseled pleas where the trial court failed to comply with the requirements of rule 8.165. In these circumstances if the waiver of counsel is invalid as a matter of law, it follows that the guilty plea entered without advice of counsel should also be deemed involuntary as a matter of law. Thus, if it appears from the face of the record that the trial court did not comply with the specific procedures of rule 8.165, including conducting a "thorough inquiry into the child's comprehension of that offer [of the assistance of counsel] and the capacity to make that choice intelligently and understandingly," any subsequent plea should be deemed involuntary as a matter of law and the appellate court would have the authority to reverse absent a motion to withdraw or a contemporaneous objection.
T.G., 800 So.2d at 213. Pursuant to T.G., we reviewed the face of the record to determine whether the trial court complied with the specific requirements of rule 8.165. From our review, we cannot find that the trial court failed to comply with the procedures of rule 8.165 or that it failed to adequately advise I.B. of his right to counsel. To the contrary, we conclude that the plea colloquy in the instant case adequately complies with the rules and supports our conclusion that I.B. made a knowing and voluntary waiver of his right to counsel.

Conclusion
We conclude that the trial court complied with rule 8.165 and that I.B. freely, knowingly, and voluntarily waived his right to counsel. Therefore, we affirm I.B.'s adjudication of delinquency. We reverse the disposition order for the purpose of correcting the term of I.B.'s commitment, which may not exceed the statutory maximum of one year including any period of probation that may follow the commitment to the residential program. The remainder *234 of the terms and conditions of the disposition order are affirmed.
AFFIRMED in part; REVERSED in part; and REMANDED.
GRIFFIN and ORFINGER, R. B., JJ., concur.
NOTES
[1] We affirm the remaining issues advanced by I.B. on appeal without discussion.
[2] Fearing that this legislative change left juveniles without a procedure to correct unpreserved disposition errors that did not constitute fundamental error, the Florida Supreme Court adopted an amendment to rule 8.135, Florida Rules of Juvenile Procedure, which incorporates the same procedural safeguards provided by rule 3.800, Florida Rules of Criminal Procedure. In re Amendments to Florida Rules of Juvenile Procedure 8.135 & 8.510, 816 So.2d 536 (Fla.2002). The amendment to rule 8.135 became effective January 15, 2002, long after the notice of appeal was filed in this case and after the briefs were submitted. Based on the particular circumstances of the instant case, we have elected to correct I.B.'s sentence in accordance with our fundamental error analysis. We emphasize, however, that the amendment to rule 8.135 now requires that all sentencing errors including fundamental error be corrected in accordance with the rule.
[3] See § 775.082(4)(a), Fla. Stat. (2000); D.L.J. (holding that the sentencing disposition which commits the juvenile to a residential program for sixty days followed by sixty days of community control exceeds the maximum sentence permitted by statute for a second-degree misdemeanor); A.C. v. State, 688 So.2d 1004 (Fla. 2d DCA 1997) (concluding that juvenile could not be sentenced to commitment not to exceed 364 days followed by post-commitment community control not to exceed 364 days for battery, where maximum term that juvenile could have received for offense as an adult was one year); see also J.G. v. State, 783 So.2d 1233 (Fla. 5th DCA 2001) (holding, pursuant to section 985.231(1)(d), Florida Statutes (1999), that duration of commitment, which includes any period in an after-care program, may not exceed the statutory maximum for the offense).
[4] Some Florida courts have held that "language committing a juvenile for an indeterminate period of time no longer than a specific birthday or the maximum term of imprisonment is error because such language could allow the sentence to be construed as running longer than the statutory maximum provided for the particular offense." L.W.G. v. State, 785 So.2d 696, 696 (Fla. 4th DCA 2001) (citing J.A.L. v. State, 778 So.2d 408 (Fla. 2d DCA 2001); R.P. v. State, 695 So.2d 490 (Fla. 4th DCA 1997); M.S. v. State, 675 So.2d 215 (Fla. 4th DCA 1996)). These cases suggest that the trial court should designate that the commitment should be for the shorter period. Since we find that the disposition must be corrected for other reasons, we need not decide whether this court will adopt this approach.
[5] See T.G.; Leonard v. State, 760 So.2d 114, 119 n. 13 (Fla.2000) (citing State v. Thompson, 735 So.2d 482 (Fla.1999); Robinson v. State, 373 So.2d 898 (Fla.1979); Harriel v. State, 710 So.2d 102 (Fla. 4th DCA 1998); Fla. R.App. P. 9.140(b)(2)(B)(ii)-(iii)).