837 So.2d 540 (2003)
Christopher LYONS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-2047.
District Court of Appeal of Florida, Fourth District.
February 12, 2003.
Carey Haughwout, Public Defender, and Nancy B. Jack, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
This appeal arises from a trial court finding Christopher Lyons guilty of robbery. As a result of his conviction, Lyons was sentenced to five years in prison followed by five years probation. Additionally, at sentencing the court orally pronounced a public defender fee of an unspecified amount and court costs of $255.00. Subsequently, in the written orders of supervision, the court imposed the following fees, $50.00 "victim costs on counts," $200.00 "trust fund," $5.00 "assessment," $30.00 "drug testing fee," and a $700.00 "P.D. fee."
A notice of appeal was timely filed. During the pendency of the appeal, Lyons filed a motion to correct the sentencing error contesting the imposition of the various fees without oral pronouncement and without specifying the statutory authority on which the fees were based. In addition, the motion challenged the constitutionality of the Florida Criminal Punishment Code. In response, the trial court waived the $700.00 P.D. fee, and denied the motion on all other grounds. We vacate the portion of the order imposing the $30.00 drug testing fee, but affirm the order on all other grounds.
*541 Lyons raises three arguments on appeal. Initially Lyons contends that the trial court erred by imposing drug testing costs without having had orally pronounced such a requirement at sentencing. We agree.
The Florida Supreme Court has unequivocally held, "the requirement that a defendant pay for drug testing is a special condition of probation which the trial court must pronounce orally at sentencing." State v. Williams, 712 So.2d 762, 763 (Fla. 1998). The condition that Lyons pay the drug testing fee was not pronounced orally at his sentencing and is hereby stricken.
Lyons next contends that the trial court erred by imposing costs and fees without specifying the statutory authority upon which they were based. We reject this argument. To support his position Lyons points to Sutton v. State, 635 So.2d 1032 (Fla. 2d DCA 1994). This court has previously discussed at length why we find Sutton unpersuasive. See I.B. v. State, 806 So.2d 610 (Fla. 4th DCA 2002). Moreover, although the court did not specify the statutory authority the costs and fees were based on, Lyons himself acknowledges the statutory authority for the various fees and costs imposed.
Last, Lyons alleges that the Florida Criminal Punishment Code is unconstitutional. We also reject this argument as the Florida Supreme Court has recently rejected it as well. See Hall v. State, 823 So.2d 757 (Fla.2002).
POLEN, C.J., SHAHOOD and GROSS, JJ., concur.