879 So.2d 680 (2004)
J.W., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-4862.
District Court of Appeal of Florida, Fourth District.
August 11, 2004.
*681 Carey Haughwout, Public Defender, and Nan Ellen Foley, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Laurel R. Wiley, Assistant Attorney General, West Palm Beach, for appellee.

EN BANC
MAY, J.
J.W. appeals a disposition order entered following a hearing on a violation of probation. He argues the trial court erred in: (1) finding him in violation of his order of probation; (2) entering a single disposition order instead of multiple orders; and (3) failing to enter a written order of revocation and make specific written findings of fact. We find no error in the court's determination that the juvenile violated his probation, in the entry of a single disposition order, or in the lack of written findings. However, we reverse and remand the case to the trial court to correct some technical errors in the disposition order.
In the underlying case, J.W. pled no contest to throwing a deadly missile, a second degree felony, and criminal mischief, a misdemeanor. The court withheld adjudication and placed him on probation to terminate within ninety (90) days if he completed twenty-five (25) hours of community service and maintained contact with his probation officer. After violating his probation the first time, the court modified the probation conditions to delete community service and add the Spectrum day treatment program.
Seven months later, J.W.'s probation officer filed another petition for violation of probation and alleged that J.W. had committed new offenses, failed to perform community service, failed to attend Spectrum, and failed to contact his probation officer once a week and make face-to-face contact monthly. After an evidentiary hearing, during which the probation officer, J.W., and his mother testified, the court stated the following on the record:
I think clearly the State has proved the allegations contained in the violation, allegations 3 and 4, certainly far more than satisfying the conscience of the Court.... As far as the second condition of probation, his failure to contact the probation officer once a week by the phone and once a month in person, he's indicated for the last 18 months he only contacted her one time. So I think clearly that's a significant violation of probation. He's violated that probation.
The court adjudicated J.W. delinquent and committed him to a level eight, high risk residential program. The court subsequently entered an order making specific findings of fact supporting the court's deviation from the department's recommended disposition. J.W. filed a motion to correct errors in the disposition order. That motion remains pending.
The record evidence supports the trial court's finding of J.W.'s willful and substantial violation of probation. By his own admission, J.W. contacted his probation officer only once during the eighteen months of probation.[1]Steiner v. State, 604 So.2d 1265 (Fla. 4th DCA 1992).
*682 J.W. next argues the trial court erred by entering a single disposition order on the violation when there were two underlying counts in the petition of delinquency. The Second District Court of Appeal held "[w]hen multiple offenses constitute the basis for a delinquency adjudication, separate disposition orders for each offense must be used." A.V.B. v. State, 715 So.2d 954 (Fla. 2d DCA 1998). We joined the second district in making this a requirement in B.H. v. State, 721 So.2d 1200 (Fla. 4th DCA 1998). We now recede from this requirement.
We continue to agree with the second district that a trial court must insure the disposition for each offense is clearly delineated in a disposition order. This is critical as the length of time for a commitment must not exceed the length of time an adult could have been sentenced for the same offense. However, we see no need for separate orders as long as the order reflects the disposition for each offense.
In this case, the disposition order fails to make that important distinction. We therefore reverse and remand the case to the trial court to correct this error, which may be done on the same disposition order as long as the disposition for each offense is properly delineated.
J.W. next contends, and the State concedes, that he is entitled to credit for time served in the juvenile detention center. We agree. See J.B. v. State, 829 So.2d 376 (Fla. 4th DCA 2002). As noted in C.C. v. State, 841 So.2d 657 (Fla. 4th DCA 2003), credit must be given, as it relates to the misdemeanor offense, so J.W. does not receive a disposition greater than the sentence he could have received as an adult.
Two other conditions in the disposition order warrant correction. First, one of the probation conditions requires J.W. to refrain from using or possessing alcoholic beverages or controlled substances. This condition fails to provide an exception for other controlled substances obtained in compliance with section 893.13(6)(a), Florida Statutes (2002). W.J. v. State, 688 So.2d 954 (Fla. 4th DCA 1997). Second, the probation condition regarding firearms must be modified to proscribe the possession of a firearm, electric weapon or a concealed weapon as specifically set forth in Section 790.23, Florida Statutes (2002). Id.
We affirm the findings and disposition in all other respects.
FARMER, C.J., GUNTHER, STONE, WARNER, POLEN, KLEIN, STEVENSON, SHAHOOD, GROSS and TAYLOR, JJ., concur.
HAZOURI, J., recused.
NOTES
[1] We are aware that J.W.'s primary argument on this issue is that because the order failed to indicate a time frame within which he was to complete the Spectrum day treatment program, he could not have violated that condition. However, because the court found J.W. had violated probation by failing to comply with the contact provisions, we decline to address the Spectrum issue.