STEVENSON, J.
D.G. appeals his delinquency disposition and his placement on juvenile probation. The assistant public defender has moved to withdraw pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because there are no arguable issues on appeal. This court permitted D.G. to file an initial brief, but he did not do so. We have reviewed the record on appeal and affirm.
The assistant public defender argues that special conditions of probation which appeared in the disposition order but were not orally pronounced is a minor sentencing error in this case which may be raised in an Anders brief. . Appellate counsel preserved these issues by filing a motion pursuant to rule 8.135. We agree that, following the filing of an Anders brief, minor sentencing errors may be corrected by this court ordering remand to the trial court, see Wilson v. State, 857 So.2d 223, 224 (Fla. 2d DCA 2003), but, in the instant case, we find no error requiring correction.
In N.C. v. Anderson, 882 So.2d 990 (Fla.2004), the Supreme Court of Florida agreed with this court that due process does not require an oral pronouncement of a delinquency disposition. N.C. determined that a juvenile’s due process rights are adequately protected by Florida Rule of Juvenile Procedure 8.135, which allows a juvenile to file objections to the disposition even while an appeal is pending. This provision, which mimics rule 3.800(b) in adult criminal procedure, was added to the juvenile procedure rules in 2002. See In re Amendments to Fla. Rules of Juvenile Procedure 8.135 & 8.510, 816 So.2d 536 (Fla.2002) (explaining that the amendment was necessitated by the Criminal Appeal Reform Act of 1996). According to N.C., due process is protected by the written disposition order (notice) and rule 8.135’s provisions for filing objections to a disposition (opportunity to be heard). Unlike the adult criminal procedure rules, which require oral pronouncement of sentence, the Rules of Juvenile Procedure do not require oral pronouncement of the disposition. Compare Fla. R.Crim. P. 3.700(b) with Fla. R. Juv. P. 8.115(c).
Since conditions of probation are a part of the disposition order, see rule 8.115(c)(3), we conclude that N.C. has com *922 pletely abrogated our prior case law finding error where special conditions of probation were not orally pronounced at the disposition hearing. See, e.g., I.B. v. State, 806 So.2d 610 (Fla. 4th DCA 2002) (holding that special conditions of juvenile probation must be orally pronounced).
AFFIRMED.
FARMER, C.J., and GUNTHER, J., concur.