DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARK GORDON ANDERSON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D15-4676

[ October 18, 2017 ]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert E. Belanger, Judge; L.T. Case No. 562013CF001314A.

Michael Ufferman of Michael Ufferman Law Firm, P.A., Tallahassee, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.

TAYLOR, J.

Mark Gordon Anderson appeals his conviction and sentence for lewd or lascivious molestation of a victim under 12 by a person 18 years of age or older. We affirm appellant's conviction, but reverse the trial court's imposition of a lump sum of $2,269 in costs in the order of probation without providing a breakdown of the costs and an explanation as to what they represent.

The following facts are relevant to the issues on appeal. Before trial, the State filed a notice of intent to introduce child hearsay statements. Appellant filed a written objection to any child hearsay statements being admitted at trial, but did not elaborate on the legal grounds for the objection. At the evidentiary hearing on the child hearsay issue, defense counsel argued that the child hearsay statements were unreliable and lacked corroboration. The trial court entered a written order finding the child hearsay to be admissible.

At the beginning of trial, defense counsel renewed his "objection to the

inclusion of child hearsay." The trial court noted that it had issued a written order on that issue.

The victim testified regarding the facts giving rise to the molestation charge. When the victim's hearsay statements were introduced during trial through other witnesses, defense counsel did not object. Defense counsel's trial strategy—both in his opening statements and during closing argument—was to emphasize the inconsistencies in the victim's story.

The jury found appellant guilty as charged. The trial court sentenced appellant to 25 years in prison followed by sex offender probation for life. The probation order states that appellant shall pay "court Costs, Fees, and Fines" in the amount of $2,269.

In appellant's first issue on appeal, he argues that the trial court erred by allowing the state to introduce repetitive child hearsay statements of the victim. Appellant complains that the state presented not only the victim's testimony, but also (1) the written statement the victim gave to her mother, (2) the victim's statement to an officer, and (3) the victim's recorded statement to a detective. Appellant contends that under section 90.403, Florida Statutes, the prejudicial impact of the victim's repeated hearsay statements substantially outweighed any probative value of the evidence.

We find that this specific challenge to the admission of the victim's child hearsay statements was not preserved for appellate review. It is well-established that a child victim's hearsay statement which qualifies for the statutory exception in section 90.803(23) is subject to the balancing test found in section 90.403. *See Pardo v. State*, 596 So. 2d 665, 667–68 (Fla. 1992). Here, however, appellant never objected below on the ground that the probative value of the child hearsay was substantially outweighed by the danger of unfair prejudice or the needless presentation of cumulative evidence. Therefore, appellant failed to preserve this issue for appellate review. *See Reynolds v. State*, 660 So. 2d 778, 780 (Fla. 4th DCA 1995) (the defendant's "cumulative" objection failed to preserve the argument that the trial court failed to apply the balancing test required by section 90.403 before admitting the victim's child hearsay statements through four witnesses); *Bass v. State*, 35 So. 3d 43, 46 (Fla. 1st DCA 2010) (the defendant failed to preserve the argument that child hearsay statements were inadmissible under section 90.403 where defense counsel never alerted the trial court "that his objection was based upon the contention that the testimony's probative value was substantially outweighed by the needless presentation of cumulative evidence").

Even if this issue had been properly preserved, the trial court did not abuse its discretion in admitting the victim's child hearsay statements through three different witnesses.  The probative value of the child hearsay was not substantially outweighed by the danger of unfair prejudice, particularly where defense counsel argued that there were inconsistencies in the victim's story and that she was not credible.  *See Bass*, 35 So. 3d at 46 ("Had the appellant's argument been properly preserved, we would conclude that his argument does not merit reversal because the probative value of the witnesses' testimony was not substantially outweighed by the presentation of similar evidence of the out-of-court statement by multiple witnesses, especially since the defense counsel was allowed to attack the credibility of several of the witnesses at trial."); *Moore v. State*, 943 So. 2d 296, 297 (Fla. 1st DCA 2006) (the trial court did not abuse its discretion in allowing three witnesses to testify concerning the child victim's hearsay statements where the trial court found that the probative value of the statements was not substantially outweighed by the danger of presenting cumulative evidence).

In short, no error—let alone fundamental error—occurred in the trial court's admission of the victim's child hearsay statements through three different witnesses.

Appellant next argues that the trial court improperly assessed court costs, fees, and fines without referencing the statutory authority to support the assessments.  Appellant also complains that the order of probation does not contain a breakdown of these assessments or the basis for the assessments.

A trial court's ruling on a motion to correct a sentencing error is reviewed de novo.  *Smith v. State*, 143 So. 3d 1023, 1024 (Fla. 4th DCA 2014).

As a preliminary matter, a claim that the trial court improperly assessed costs in a sentencing order is an error that may be preserved in a Rule 3.800(b) motion.  *Jackson v. State*, 983 So. 2d 562, 572–74 (Fla. 2008).  Here, appellant's challenge to the costs was properly preserved in his Rule 3.800(b) motion.

Turning to the merits, we reject appellant's argument to the extent appellant contends that the trial court erred in imposing assessments without referencing the statutory authority to support the assessments.  We have repeatedly held that it is unnecessary for a trial court to refer to the specific statutory authority for imposing costs in a written sentencing order.  *See Johnson v. State*, 944 So. 2d 474, 477 (Fla. 4th DCA 2006);

3

*Lyons v. State*, 837 So. 2d 540, 541 (Fla. 4th DCA 2003); *I.B. v. State*, 806 So. 2d 610, 612–13 (Fla. 4th DCA 2002), *abrogated on other grounds as stated in D.G. v. State*, 896 So. 2d 920, 921–22 (Fla. 4th DCA 2005).

Indeed, this court has explicitly rejected the Second District's contrary decision in *Sutton v. State*, 635 So. 2d 1032 (Fla. 2d DCA 1994), which does impose such a requirement. *See I.B.*, 806 So. 2d at 612–13 (rejecting *Sutton* for the reasons stated in the concurring opinion, which concluded that *Sutton* "imposed a technical requirement beyond that required in any statute").

Nonetheless, it is improper for a trial court to impose costs in a sentencing order without providing an explanation in the record as to what the costs represent, so as to permit a reviewing court to determine the statutory authority for the costs. *See Bradshaw v. State*, 638 So. 2d 1024, 1025 (Fla. 1st DCA 1994) (declining to adopt "a requirement as broad as that adopted by the Second District," but concluding that "it is improper to impose additional court costs without reference to statutory authority, *or an explanation in the record as to what the additional costs represent, which is sufficiently clear to permit a reviewing court to determine the statutory authority for the costs*") (emphasis added); *I.B.*, 806 So. 2d at 613 (Gross, J. concurring) ("[A] court cannot willy nilly assess $1,000 in costs in a criminal case; it must specify what the costs are for and have the legal authority to impose them. The order in this case does not run afoul of [cases standing for that proposition], since it identifies and breaks down the costs and the court had the statutory authority to impose them."); *see also Osterhoudt v. State*, 214 So. 3d 550, 551 (Fla. 2017) (holding that "trial courts must individually pronounce discretionary fees, costs, and fines during a sentencing hearing to comply with due process requirements").

Here, the trial court improperly imposed a lump sum of $2,269 in assessments in the probation order without providing an explanation as to what the assessments represent. It is thus impossible to conduct meaningful appellate review of the undifferentiated assessments. While the trial court was not required to cite the specific statutory authority for each assessment imposed, the trial court was required to provide a breakdown of the assessments and identify what they represent, so as to permit this court to determine the statutory authority for each assessment. Although appellant waived a hearing as to the discretionary costs, the $2,269 lump sum figure appears to be significantly in excess of the sum of the statutorily mandated costs and the discretionary costs that were individually pronounced at the sentencing hearing.

Accordingly, we affirm appellant's conviction, but reverse and remand for the trial court to correct the probation order by providing a breakdown of the statutorily mandated costs and the orally-pronounced discretionary assessments.

*Affirmed in part, Reversed in part and Remanded.*

MAY and KUNTZ, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***