DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SEBASTIAN GARCIA LUCAS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2022-2497

[May 15, 2024]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Andrew L. Siegel, Judge; L.T. Case No. 17-001628CF10A.

Carey Haughwout, Public Defender, and Paul Edward Petillo, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Anesha Worthy, Senior Assistant Attorney General, West Palm Beach, for appellee.

WARNER, J.

This is an appeal of appellant's conviction and sentence for sexual battery on a child less than twelve years old. Appellant raises two challenges to his conviction, which we find meritless.[1] He also challenges the trial court's imposition of costs and restitution. We conclude that the court properly assessed the investigative costs when they were requested by the State prior to sentencing, and appellant affirmatively declined to challenge their amount. The court erred, however, in imposing restitution to the Sexual Assault Treatment Center (SATC), because the SATC is not a victim of a crime within statutory definition.[2] We thus reverse as to the restitution ordered.

---

[1] Appellant raises a challenge to his six-person jury. We have already determined that issue in *Guzman v. State*, 350 So. 3d 72 (Fla. 4th DCA 2022).

[2] Appellant also challenges the transcription cost which was added to the prosecution costs. The transaction cost does not appear to have been included in the order assessing costs.

The sentencing order imposed $2,043.99 in investigative costs and $500 in restitution to the SATC. Through a Florida Rule of Criminal Procedure 3.800(b)(2) motion, appellant challenged both of these costs. The trial court did not rule on the motion, and it is deemed denied. Thus, the issues are properly preserved. *See Anderson v. State*, 229 So. 3d 383, 386 (Fla. 4th DCA 2017) ("[A] claim that the trial court improperly assessed costs in a sentencing order is an error that may be preserved in a Rule 3.800(b) motion."); *Anglin v. State*, 369 So. 3d 1167, 1168 (Fla. 4th DCA 2023) ("An error in restitution is a sentencing error which may first be raised in a 3.800(b)(2) motion.").

Investigative costs may be assessed "if requested by [the investigating] agencies." § 938.27(1), Fla. Stat. (2022). Our supreme court made clear in *Richards v. State*, 288 So. 3d 574 (Fla. 2020), that the State must request investigative costs before any judgment is rendered. *Id.* at 576–77. Here, at the sentencing hearing, the State requested such costs for DNA analysis by the crime lab. We conclude that appellant waived any challenge to the amount of the costs. When asked by the trial court if he had any argument as to the investigative costs, defense counsel said no.

Additionally, appellant's rule 3.800(b)(2) motion did not preserve a challenge as to the sufficiency of the investigative cost evidence. *See State v. Cremers*, 319 So. 3d 46, 47 (Fla. 4th DCA 2021) ("[A]n objection to the sufficiency of the proof must be made contemporaneously with the assessment of costs. Because the proper documentation of the costs of prosecution is an evidentiary error in the sentencing process, it cannot be preserved through a rule 3.800(b)(2) motion."). Therefore, because the State requested the investigative costs for the crime lab analysis, and the defense waived any challenge to their amount, the trial court did not err in assessing these investigative costs.

The State requested, and the trial court imposed, $500 to the SATC as restitution costs. Although the appellant did not object to these costs at the sentencing hearing, he objected in his rule 3.800(b)(2) motion. He claims as a matter of law, the SATC is not entitled to restitution. Thus, he challenges the assessment's legality, not its amount.

Florida's restitution statute provides:

(c) The term "victim" as used in this section and in any provision of law relating to restitution means:

1. Each person who suffers property damage or loss, monetary expense, or physical injury or death as a direct or

indirect result of the defendant's offense or criminal episode . . . . **The term includes governmental entities and political subdivisions, . . . when such entities are a direct victim of the defendant's offense or criminal episode and not merely providing public services in response to the offense or criminal episode**.

§ 775.089(1)(c)1., Fla. Stat. (2022) (emphasis added). In *Anglin*, we interpreted section 775.089(1)(c)1. to require that a government agency must be both a "direct victim" of a crime and "not be 'merely providing public services in response to' the crime." 369 So. 3d at 1170 (quoting § 775.089(1)(c)1., Fla. Stat. (2019)). We distinguished this from a person entitled to restitution who may still recover even though the person is harmed as a "direct or indirect result of the defendants offense . . . ." *Id.* (quoting § 775.089(1)(c)1., Fla. Stat. (2019)).

The SATC satisfies neither of these requirements. First, the SATC is not a direct victim of appellant's crime of sexual battery. Secondly, the SATC was "merely providing public services in response to the offense or criminal episode." *See* § 775.089(1)(c)1., Fla. Stat. (2022). After the crime, detectives took the victim to the SATC, where a nurse examined the victim and collected samples. The SATC is not a victim entitled to restitution pursuant to section 775.089(1)(c)1.

We thus affirm appellant's conviction and sentence, including the costs. We reverse and vacate the judgment of restitution.

*Affirmed in part and reversed in part.*

CONNER and ARTAU, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***