# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-4024
Lower Tribunal No. 23MM1435

_____

DAVID DREW REDMAN,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the County Court for Osceola County.
Gabrielle N. Sanders-Morency, Judge.

May 23, 2025

WOZNIAK, J.

David Drew Redman appeals his conviction and sentence for battery. We affirm the denial of his motion to dismiss and motion for judgment of acquittal without comment. However, we reverse the denial of his motion to correct sentencing error and remand for a new sentencing hearing on the issue of court costs.

After a jury returned a verdict finding Redman guilty of battery, the trial court announced his sentence. Included in that announcement was a $500 fine, court costs in the amount of $271, and a domestic batterer's surcharge of $201. The trial court

then stated that the total amount Redman owed was $997, which is $25 more than the combined total of the amounts previously stated. In its written Judgment and Sentence, the trial court imposed $796 for fines and court costs, citing sections 939.185, 938.05, 938.19, 938.05, 938.01, 938.06, 938.04, 775.083, 318.18, 939.185, and 938.27, Florida Statutes (2023), as authority for doing so, and also imposed a $201 domestic batterer's surcharge, for a total of $997 in fines and costs.

Redman appealed, and while his appeal was pending, Redman filed in the trial court a motion to correct sentencing error, wherein he requested a breakdown of the lump sum court costs imposed because section 938.05 was cited twice and section 318.18 pertains only to traffic infractions. The trial court did not rule on the motion within sixty days; accordingly, it is deemed denied under Florida Rule of Criminal Procedure 3.800(b)(2)(B).

We begin our analysis by noting that "[i]t is improper for a trial court to impose costs in a sentencing order without providing an explanation in the record as to what the costs represent, so as to permit a reviewing court to determine the statutory authority for the costs." *Anderson v. State*, 229 So. 3d 383, 386 (Fla. 4th DCA 2017).

Here, the trial court orally pronounced that Redman would be fined $500. This fine was appropriate under section 775.083(1)(d), Florida Statutes (2023), which allows for imposition of a fine of up to $1,000 following the conviction of a first-

degree misdemeanor. The trial court also announced a batterer's surcharge in the amount of $201. This surcharge was appropriate under section 938.08, Florida Statutes (2023), which allows for imposition of a surcharge of $201 for any offense of domestic violence as described in section 741.28(2), Florida Statutes (2023).[1] The fine and surcharge associated with Redman's conviction were identified during the sentencing hearing and can be ascertained from the written judgment.

Remaining of Redman's total is $296 in court costs.[2] The trial court did not cite any basis for these costs at Redman's sentencing hearing. The State speculates that because the statutes cited in the final order allow for the imposition of costs greater than $296, this Court should affirm. However, Redman correctly notes that the trial court cited section 938.05 twice and included reference to section 318.18, which the State concedes relates only to traffic infractions. Accordingly, the trial court may have included a duplicate cost and an unauthorized cost. If that is the case, then Redman's total would be less than what is required by the final judgment.

Because the court costs are in a lump sum and the trial court failed to explain its rationale, meaningful appellate review is impossible. *See, e.g.*, *Anderson*, 229 So.

---

[1] Section 741.28(2) defines domestic violence as "any assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any criminal offense resulting in physical injury or death of one family or household member by another family or household member." (Emphasis added).

[2] This is $25 more than what was announced at sentencing.

3

3d at 386-87 ("While the trial court was not required to cite the specific statutory authority for each assessment imposed, the trial court was required to provide a breakdown of the assessments and identify what they represent, so as to permit this court to determine the statutory authority for each assessment."). Accordingly, we reverse and remand to the trial court for a new sentencing hearing on the issue of court costs.

AFFIRMED in part; REVERSED and REMANDED in part.

SMITH and BROWNLEE, JJ., concur.

Blair Allen, Public Defender, and Caroline Joan S. Picart, Assistant Public Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Rebecca Rock McGuigan, Bureau Chief, Daytona Beach, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED