DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**A.T.M.C.,** a Child,
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2024-2103

[June 4, 2025]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Kirk C. Volker, Judge; L.T. Case No. 502023CJ000203A; 502022CJ000882A.

Daniel Eisinger, Public Defender, and Narine N. Austin, Assistant Public Defender, West Palm Beach, for appellant.

James Uthmeier, Attorney General, Tallahassee, and Lindsay A. Warner, Assistant Attorney General, West Palm Beach, for appellee.

LEVINE, J.

Appellant appeals a disposition order placing him on conditional release for one year, with six months on an electronic monitor, arguing the trial court erred in retroactively applying a 2024 statutory amendment. The state "agrees Appellant should have only been subjected to the law in effect at the time of his crime for his sentence—the 2023 version of Florida Statute section 985.433 (and any other applicable 2023 statutes)." We find that the trial court erred in imposing a sentence pursuant to a 2024 statutory amendment that occurred after the commission of appellant's crime. As such, we reverse.

Following a plea, the trial court adjudicated appellant delinquent and sentenced him on December 27, 2023, to a non-secure residential commitment followed by post-commitment juvenile probation pursuant to section 985.433(7)(c), Florida Statutes (2023). However, subsequently, at a July 16, 2024, pre-release hearing, the trial court found that a statutory amendment to section 985.433(7)(d) that became effective on July 1, 2024, applied. That amendment states that juveniles, like appellant, who

commit an offense involving a firearm "must be placed on conditional release . . . for a period of 1 year following his or her release from a commitment program" with "electronic monitoring of the child by the department for the initial 6 months . . . ." *Id.* Pursuant to this July 1 amendment, the trial court placed appellant on conditional release for one year, with six months on an electronic monitor.

"Because a sentencing error involves a pure issue of law, this court's standard of review is *de novo*." *Levandoski v. State,* 217 So. 3d 215, 218 (Fla. 4th DCA 2017).

We agree with the state and find the trial court erred in applying the 2024 amended version of section 985.433 because appellant's crime involving a firearm occurred in 2023. "The law is well established that in cases such as this the penalty provision in existence at the time of the alleged offense controls." *Cooper v. Wainwright*, 308 So. 2d 182, 186 (Fla. 4th DCA 1975). "Except as expressly provided in an act of the Legislature . . . amendment of a criminal statute operates prospectively . . . ." § 775.022(3)(c), Fla. Stat. (2023). "[U]nder the rules of statutory construction, there must be a clear expression of intended retrospective application." *Orme v. State*, 25 So. 3d 536, 547 (Fla. 2009). Nothing in the 2024 version of section 985.433 indicates that the legislature wanted this amendment to apply retrospectively.

Additionally, the trial court erred by changing the condition of probation that appellant was already sentenced to in 2023. Disposition orders are governed by Florida Rule of Juvenile Procedure 8.115. A disposition order is required to "state general and specific conditions or sanctions." Fla. R. Juv. P. 8.115(d)(3). "[C]onditions of probation are a part of the disposition order . . . ." *D.G. v. State*, 896 So. 2d 920, 921 (Fla. 4th DCA 2005). On December 27, 2023, the trial court sentenced appellant to a non-secure residential commitment followed by post-commitment juvenile probation. Thus, the trial court could not subsequently invoke the provisions of the 2024 amended statute without violating double jeopardy. *See Ward v. State*, 370 So. 3d 973, 977 (Fla. 4th DCA 2023) (stating that a "trial court violate[s] the appellant's right against double jeopardy by later increasing its sentence where the initial sentence was not illegal").

In summary, based on the law and the state's agreement, we reverse and remand with instructions to vacate the conditional release portion of appellant's disposition, including the electronic monitor requirement, and for further proceedings on appellant's post-commitment disposition in accordance with the 2023 version of section 985.433.

*Reversed and remanded with instructions.*

MAY and DAMOORGIAN, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

3